## JOSEPH MURPHY v. HATTON W. SUMNERS, COUNTY ATTORNEY.

### No. 4076.    Decided October 14, 1908.

**1.—Mandamus—County Attorney—Jurisdiction.**

Where a county attorney refused to place his official signature to an information based upon the affidavit of an informant setting out certain supposed violations in a misdemeanor case, the Court of Criminal Appeals has no jurisdiction in an appeal from a refusal of the county court to grant mandamus compelling the county attorney to affix his signature to said information and file the same together with the affidavit instituting the prosecution.

**2.—Discretion of County Attorney—Not Ministerial Act.**

Since there is a large measure of learning and discretion required by prosecuting officers in instituting prosecutions for misdemeanor, and such acts are not purely ministerial the writ of mandamus does not lie to force such officer to file such prosecution.

Appeal from the County Court of Dallas. Tried below before the Hon. Hiram F. Lively.

Appeal from a refusal of the County Court to grant a writ of mandamus compelling the County Attorney to file affidavit and information for a violation of a misdemeanor law.

The opinion states the case.

*Crawford, Lamar & Crawford,* for appellant.—This case is properly appealed to this court from the County Court of Dallas County, instead of the Court of Civil Appeals. In the case of Legate v.

Legate, 87 Texas, 248, it is said "under the present Constitution and laws, appeals from the district court (or the county court) lie, in civil cases, to the Court of Civil Appeals, and in criminal cases to the Court of Criminal Appeals." If it appears that the proceeding related to some criminal law or quasi-criminal law, then the appeal would lie to the Court of Criminal Appeals.

In the case at bar the mandamus was sought, to enable the county court to exercise its exclusive jurisdiction in the prosecution desired, and was therefore in aid of the jurisdiction of the county court in a criminal matter.

Again, the very purpose of this mandamus was to compel the institution of a criminal prosecution and for the enforcement of a right in a criminal proceeding, which belonged to Joseph Murphy and therefore the case is, in its nature, criminal, and the consideration and disposition of it belongs to this court.

Again, we submit, that Joseph Murphy was entitled to a peremptory writ of mandamus upon the answer of Hatton W. Sumners. Referring to the case of Sansom v. Mercer, 68 Texas, 491; Denman v. Coffee, 42 Texas Civ. App., 78; 14 Texas Ct. Rep., 888; Brown v. Ruse, 69 Texas, 591.

No brief on file for appellee.

BROOKS, Judge.—The record in this case discloses, in substance, the following facts:

The county attorney had presented to him a valid affidavit and information properly prepared against certain supposed violations of law in the City of Dallas, and the demand was made that said county attorney should put his official signature to the information and file, and prosecute parties who were alleged in the affidavit and information of having violated a misdemeanor law of this State. The county attorney refused to do so. Thereupon, a petition was filed by Joseph Murphy, through his attorneys, in the County Court of Dallas County, asking the court to grant a mandamus to compel the county attorney to file said prosecution and to prosecute same. Upon the hearing of said petition the writ of mandamus was refused by the county court, and from said refusal an appeal was prosecuted to this court. This is, in substance, the facts upon which this case rest.

We hold, in the first place, this court has no jurisdiction; furthermore, the writ of mandamus would not lie against the county attorney to institute a prosecution. The function of a writ of mandamus is simply to force a party to perform a purely ministerial act, and the institution of prosecutions by the county attorney are not purely ministerial acts, since there is a large measure of learning and discretion required and to be exercised in instituting and maintaining prosecutions by said officer, and very clearly it would be

beyond the province of this court · to grant a mandamus for the purpose of securing the object sought by the petition in this case.

Therefore, the writ of mandamus is refused, and the petitioner in this case is ordered to pay all cost in this behalf incurred.

*Mandamus refused.*