J. Irwin Shapiro, J.
This proceeding is brought by the petitioner for an order in the nature of mandamus pursuant to the provisions of article 78 of the Civil Practice Act directed against the respondents, the Magistrates’ Court of the City of New York, Honorable John- M. Murtagh, its Chief City Magistrate and Prank D. O’Connor, District Attorney of Queens County, commanding them “to arrest William Lomnicky (a New York City police officer) on the complaint of John P. Hassan (petitioner) for having committed perjury in the first degree and to institute and prosecute the charges against him as they are enjoined to do by law. ’ ’
The petitioner was convicted on May 22, 1957, after trial in the North Queens District of the Magistrates’ Court of the City of New York of one (1) of three (3) traffic violations with which he was charged. The petitioner maintains that such conviction was effected by the perjured testimony given by William Lomnicky, the complainant, at such trial.
On March 7, 1958, petitioner’s conviction was affirmed on appeal by the Appellate Part of the Court of Special Sessions and leave to further appeal to the Court of Appeals was denied by that court on July 18,1958.
A motion by him for a new trial was denied on December 24, 1958.
On May 2, 1959, the petitioner brought on a motion before respondent John- M. Murtagh, the Chief City Magistrate of the City of New York, predicated on a written notice of motion and supporting moving affidavit served upon the respondent Frank D. O’Connor, the District Attorney of Queens County, for an order directing said District Attorney to prosecute the said William Lomnicky for perjury and other related crimes allegedly committed by him at the trial which culminated in petitioner’s conviction.
On May 8, 1959, Chief City Magistrate John- M. Murtagh denied petitioner’s motion on the grounds of “ Defective Venue and Lack of Facts ”. Petitioner’s subsequent motion for leave to appeal therefrom to the Appellate Division of the Supreme Court was dismissed by that court on July 14,1959.
In McDonald v. Sobel (272 App. Div. 455, affd. 297 N. Y. 679), the Appellate Division, Second Department, said (p. 461): “ At common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court. *511 These powers were vested elsewhere. The power to prosecute crime and control the prosecution, after formal accusation had been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney. When the Code of Criminal Procedure was enacted, declaratory for the most part of the common law, this allocation of power was continued.”
It follows, therefore, that the courts will not grant mandamus to compel a magistrate or police justice to issue a warrant, “ no matter how clear the case may seem to the court.” (Matter of Restivo v. Degnan, 191 Misc. 642, 646; People ex rel. Lindgren v. McGuire, 151 App. Div. 413.)
Clearly, therefore, the power to cause the arrest and prosecution of William Lomnicky for the crime of perjury or any other related crime, as sought by petitioner, is vested solely in the respondent Frank D. O’Connor, District Attorney of Queens County. Under the circumstances, the respondents, the Magistrates’ Court of the City of New York and John M. Murtagh, its Chief City Magistrate, may not be directed to usurp the function of the District Attorney to arrest and prosecute William Lomnicky of the crime of perjury or any other related crime (Matter of McGraw v. Finegan, 243 App. Div. 778; Matter of Bailey v. Kern, 177 Misc. 904) and the application in that regard must be and is denied.
As a basic incident of our form of Government, with its divided powers and responsibilities lodged in the executive, legislative and judicial branches, and as a self-imposed rule of judicial restraint, the courts should not interfere with the discretion lodged in prosecuting officials such as a District Attorney or the Attorney-General to institute criminal proceedings.
In the field of criminal law, the boundaries of the respective spheres of the three branches of Government are clearly defined. The Legislature makes the law and defines the offense. The executive authority executes and enforces the law. Acting through a District Attorney or the Attorney-General, the charge of violation of law is formulated and the criminal proceeding initiated. It is then for the judiciary to interpret and apply the law in the particular case where the charge is made.
Each function is separate and distinct. Each branch of Government is burdened with its own responsibility and the judicial branch under ordinary circumstances should not sit in judgment on the discretion lodged in the others.
It is apparent from the papers before the court that the District Attorney gave serious and earnest consideration to the merits of petitioner’s complaint and the wisdom of starting *512 criminal prosecution against the said William Lomnicky and that for reasons that to him seemed justifiable, he came to the conclusion that no such prosecution should be instituted.
The courts have time and again refused to interfere with prosecuting attorneys who in the exercise of discretion have determined not to institute prosecutions or determined that they would prosecute for one crime and not another. Thus in People v. Florio (301 N. Y. 46), the court said (p. 53): “ However, the District Attorney may possibly have avoided asking the Grand Jury to indict the defendants for abduction in addition to kidnapping, * * *. * * * In any event, the District Attorney of a county, familiar with the conditions there and responsible to the People of the county, has the duty of recommending to the Grand Jury indictment for the crime or crimes which the protection of the community requires and we are not here to determine that for him.” (Italics ours.)
In Leone v. Fanelli (194 Misc. 826), an article 78 proceeding was instituted to compel the District Attorney to prosecute indictments which had been handed down against third parties. In denying the application, the court, after noting that it is the District Attorney’s “ duty to prosecute crimes within the county for which he is elected,” said (p. 827): “This duty, although not judicial and purely executive, is one calling for the exercise of discretion and the pursuit of some fixed enforcement policy which it is not the function of the courts to supervise. A specific act which the District Attorney might by law be required to perform involving no special exercise of discretion and necessary for the satisfaction of some personal right of a petitioner could, undoubtedly, be required. But the general duty to prosecute all crimes or the special duty to prosecute a particular crime may not be required or supervised.” (Italics ours.)
In similar vein in People v. Brady (257 App. Div. 1000), in which the Appellate Division, Second Department, was urged to hold that the prosecution was a needless one and should be halted, the court, in holding that the power of determination whether to go forward or not to go forward with a prosecution was in the District Attorney and not the court, said (pp. 1000-1001): “ * * * That it would be inexpedient to proceed to trial because of needless expense and loss of time is a responsibility with which the district attorney must deal.”
In McDonald v. Goldstein (191 Misc. 863, affd. 273 App. Div. 649), the lower court, in writing of the powers and duties of a prosecuting officer, said (p. 865): “ In his official capacity he has the power to withhold prosecution forever.”
*513 The courts have not only refused to interfere with or control the discretion exercised by a District Attorney or the Attorney-General in the cases of crimes, but in related matters such as “ public offenses.”
Thus, in People ex rel. Peabody v. Attorney General (22 Barb. 114), expressly approved by the Court of Appeals in People ex rel. Demarest v. Fairchild (67 N. Y. 334), the court, after defining usurpation of office as a “ public offense,” and the remedy as a “ public prosecution, instituted and conducted by the public prosecutor,” said (p. 116): “ The power of determining whether the action shall be commenced must exist somewhere. * * * Our legislature has seen fit to invest the attorney general with this discretion. His office is a public trust. It is a legal presumption that he will do his duty; that he will act with strict impartiality. In this confidence he has been endowed with a large discretion, not only in cases like this, but in other matters of public concern. The exercise of such discretion is, in its nature, a judicial act, from which there is no appeal, and over which courts have no control.” (Italics ours.)
In the Matter of Lewis v. Goldstein (280 App. Div. 769, motion for leave to appeal dismissed 304 N. Y. 739), a case on all fours, the Appellate Division, First Department, without opinion, affirmed an order of the Special Term, New York County, which dismissed a petition which sought an order commanding the respondents, including the Attorney-General, to institute criminal proceedings against a third party, one Goldstone, on a charge that his activities constituted the unlawful practice of medicine within the meaning and intendment of article 131 of the Education Law. In dismissing the petition on respondents’ motion made pursuant to section 1293 of the Civil Practice Act, the court at Special Term found it unnecessary to decide whether Goldstone’s acts constituted a violation of the statute because “ this court will not in the circumstances presented substitute its judgment for that of an elected official as to the wisdom, propriety or desirability of instituting a criminal prosecution, the duty to institute which is that of said official.” (N. Y. L. J., Feb. 3,1950, p. 437, col. 4.)
The point of law here in issue transcends the question of whether the crime of perjury and other crimes allied thereto have been here committed. That issue is whether the decision of the District Attorney (or the Attorney-General) as “an executive official of the State ” (Dunham v. Ottinger, 243 N. Y. 423, 432) in deciding whether or not to prosecute in any individual situation is subject to review by the courts, I am con *514 vinced that it is not. If he is derelict in his duty, he can be removed by the Governor of the State, or his action or inaction can be thereafter dealt with by the People in the exercise of their right of franchise. “ The remedy for inactivity * * * is with the executive and ultimately with the people ” (Milliken v. Stone, 7 F. 2d 397, 399, affd. 16 F. 2d 981). Just because a crime has been committed, it does not follow that there must necessarily be a prosecution for it lies with the District Attorney to determine whether acts which may fall within the literal letter of the law should as a matter of public policy not be prosecuted. So, too, he ‘ ‘ must on occasion consider the public impact of criminal proceedings, or, again, balance the admonitory value of invariable and inflexible punishment against the greater impulse of ‘ the quality of mercy. ’ He must determine what offenses, and whom, to prosecute * * * ” (Howell v. Brown, 85 F. Supp. 537, 540) even as the court itself, in exercising discretion in the issuance of mandamus, “ will be chary to issue it so as to cause disorder and confusion in public affairs, even though there may be a strict legal right ” (Matter of Andresen v. Rice, 277 N. Y. 271, 282, italics ours).
In Matter of Coombs v. Edwards (280 N. Y. 361), in reversing an order of the Appellate Division (256 App. Div. 844), which in turn had reversed an order of Special Term denying mandamus, the Court of Appeals said (p. 364): “ This is an application for an order to compel performance of an alleged duty. Obviously such order takes the place of the old writ of mandamus. It is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use. Even then the court may consider by way of defense the hardship and injustice to the defendant, the conduct of the applicant and the interest of third persons. Although the order is classed as a legal remedy, equitable principles largely control its issuance. (Duncan Townsite Co. v. Lane, 245 U. S. 308). While the applicant must present an issue for the enforcement of a clear legal right, yet even then the court may determine whether, in the exercise of a sound discretion, it shall grant or withhold the order. (Matter of Burr v. Paragon Trading Corp., 270 N. Y. 464). It may be added that such an order is primarily one resting in the sound discretion of the court, and only where the case presented shows no room for the exercise of a reasonable discretion may it be held, as a matter of law, that there has been an abuse of discretion.”
*515 Thus, even if this court had the power to order the District Attorney to prosecute, it would in the exercise of discretion refuse to exercise such power. However, the court holds that it does not have the power to substitute its judgment for that of the District Attorney of Queens County, an elected official, as to the wisdom, propriety, or desirability of instituting the criminal prosecution sought by the petitioner herein. The official duty of determining whether, when and whom to prosecute is vested in him and him alone.
For a court to issue a mandate such as here requested would have a most chaotic effect upon the proper administration of justice. Anyone with experience as a prosecuting official knows that innumerable complaints of all kinds — justifiable and unjustifiable — are made to a District Attorney almost daily. If the petitioner’s proceeding here were held to be maintainable, it would open the door wide for any complainant, where the prosecuting officer decides that it is improper or improvident to prosecute, to ask the civil courts to review the discretion exercised by such prosecuting officer. Not only would those officials constantly be called into the civil courts to account for and justify their acts, with a consequent possible impairment of the efficiency of their office in the investigation and prosecution of crimes and criminals, but it might well enable a complainant to avoid liability for a false arrest or malicious prosecution by having his charges prejudged by a civil court.
From what has been said, it is self-evident that our public policy prohibits — and rightly so — giving approbation to a petition such as this which seeks to compel a District Attorney, by fiat and mandate of a civil court, to initiate a criminal proceeding.
Authorities in other States and in the Federal courts are in accord. In State v. Tufts (56 N. H. 137, 138), the court said: 1 ‘ For obvious reasons the functions of the court and prosecuting officer are entirely distinct. The court cannot usurp the duties of his office, and say what cases shall and what shall not be prosecuted. The law has lodged that duty with officers selected for that special purpose, and who are responsible for the manner in which they perform those duties.” See, also, Murphy v. Sumners (54 Tex. Cr. R. 369); Attorney General v. Tufts (239 Mass. 458, 489); Partridge Co. Atty. v. Shore (118 Okl. 15); Boyne v. Ryan (100 Cal. 265).
In United States v. Brokaw (60 F. Supp. 100, 101), the court said: “ That the United States District Attorney in his capacity as the public prosecutor in his district is clothed with the power and charged with the duties of the Attorney General in England *516 under the common law is generally recognized and supported by the Federal courts. * * * In this connection the federal prosecutor acts in an administrative capacity. He is the representative of the public in whom is lodged a discretion to be exercised for the general public welfare, a discretion which is not to be controlled by the courts, or by an interested individual, or by a group of interested individuals who seek redress for wrongs committed against them by use of the criminal process. In United States v. Thompson, [251 U. S. 407] supra, the Supreme Court held that the Federal courts have no power to control the initiation of criminal proceedings, that being the prerogative and duty of the United States District Attorney. ’ ’
In Howell v. Brown (85 F. Supp. 537), the court said (pp. 538, 539):
“ Put briefly, no power or jurisdiction is vested in this court to control, whether by writ of mandamus or otherwise, the exercise by the United States Attorney of the discretion and judgment which the law entrusts to him in the prosecution of persons suspected of the violation of the laws of the United States.
“ * * * Now, few subjects are entrusted to the discretion of public officials with greater latitude in its exercise than that with which federal criminal prosecutions are placed within the control of the appropriate United States Attorneys.”
The court having come to the conclusion that the “ initiation of criminal prosecution is a matter resting in the uncontrolled discretion of the prosecuting attorney” (26 Journal of Amer. Inst, of Criminal Law and Criminology, 647-648), the relief here asked by the petitioner is denied and the cross motion to dismiss the petition as to all the respondents is granted as a matter of law (Civ. Prac. Act, § 1293).
Submit order.