Samuel Rabin, J.
Petitioner seeks an order “ compelling the Respondents m * # to perform their duties and to divulge to the Petitioner the name or names of the person or persons who committed a crime or crimes against the Petitioner on or about August 10, 1960 at the premises 220-06 Northern Boulevard, Bayside, Queens, New York and to apprehend and arrest the person or persons as required by law and to give the Petitioner adequate Police protection ”. Respondents move (1) to dismiss the petition on the ground that it fails to state facts sufficient to constitute a cause of action and (2) to strike out a specified *338 portion of the twelfth paragraph and all of the thirteenth paragraph of the petition.
This application plainly stems from a private controversy between petitioner and its landlord, Texaco, Inc. The specific incident complained of is Texaco’s forcefully entering petitioner’s premises on August 10, 1960, at a time when summary proceedings, instituted by Texaco to oust petitioner from its premises, were pending and in which proceedings petitioner prevailed both in the Municipal Court and on appeal. Petitioner reported the incident to the police and was informed that an investigation would be made. Thereafter petitioner was advised by the police that the so-called 1 ‘ raid ’ ’ had been made by agents and employees of Texaco on advice of its counsel who was named and who, it further appears, was present at the time. Petitioner could obtain no further information from the police and was allegedly informed that they intended to do no more about the situation. In its opposing memorandum of law petitioner sets forth facts which it states had not come to its attention prior to the submission of the instant application. The court will treat those facts as though they were incorporated in the petition. They are, in substance, that prior to the “raid”, employees of Texaco attended the police precinct in question, informed the desk officer of their intention to enter the premises in question and were accompanied to said premises by one or more policemen who personally observed the acts of Texaco’s employees.
It is in that setting that petitioner seeks an order in the nature of mandamus. But mandamus is an extraordinary remedy which “is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use.” (Matter of Coombs v. Edwards, 280 N. Y. 361, 364.) Assuming, without deciding, the propriety of the order here sought, petitioner has failed to demonstrate the necessity of its use. It seems to have ample information to commence an action against Texaco and, perhaps, others, proceeding on information and belief to the extent required, obtaining further material and necessary information by means of pretrial discovery procedures and invoking the aid of a provisional remedy if required. If, after such steps have been taken, it still proves necessary in the prosecution of that action to obtain from respondents the name of any one or more of the persons involved in the 1 ‘ raid ’ ’, application for such relief may then be made.
*339 As to so much of the petition as seeks to compel respondents to arrest one or more individuals, petitioner has not demonstrated a clear legal right to such drastic relief, assuming that the court would otherwise have power to grant it (but, see Matter of Hassan v. Magistrates’ Court, 20 Misc 2d 509, 510-511 and authorities there cited, appeal dismissed 10 A D 2d 908, motion for leave to appeal dismissed 8 N Y 2d 750, cert, denied 364 U. S. 844). And as to so much of the petition as Seeks police protection, the facts here bear not the slightest resemblance to those involved in Schuster v. City of New York (5 N Y 2d 75) which was an action to recover damages for the death of plaintiff’s intestate allegedly resulting from defendant’s failure to use reasonable care for his protection after he had collaborated with it in the arrest of a known criminal and it reasonably appeared that plaintiff’s intestate was in danger due to that collaboration.
In view of the foregoing, respondents ’ motion to dismiss the complaint for legal insufficiency is granted and their motion to strike is dismissed as academic.