Joseph A. Brust, J.
In this personal injury and property damage ease, plaintiffs move for summary judgment pursuant to rule 113 of the Rules of Civil Practice. The undisputed facts are that while plaintiff, Owens, was cleaning the interior of a truck owned by his employer, plaintiff Annunziata, which was lawfully parked at the curb and at a standstill on St. Anns Avenue in the Borough of The Bronx, another truck owned by defendant Santini and operated by its chauffeur, defendant G-rumelli, crashed into it, allegedly causing the resulting personal injuries and property damage. No issue is presented with reference to contributory negligence and defendants’ attempt to invoke the doctrine of ‘ ‘ last clear chance, ’ ’ based on the possibility that plaintiff Owens jumped from the truck in advance of the impact, is sham and unsupported by any evidentiary facts. Nowhere, in his opposing affidavit does Grumelli deny Owens’ averment that he was proceeding in excess of 50 miles per hour before the crash, and upon the submission of this motion it was stipulated and admitted by the defendants that the police records of the 42d Precinct, produced in court, showed that Grumelli was arrested after this accident, charged with drunken driving and leaving the scene of the accident. Furthermore, his blood alcohol content was .20% and it is conceded that defendant Grumelli was subsequently convicted of these offenses and fined. In view of the afore-mentioned and all the other facts and circumstances disclosed by the papers, the court is obliged to conclude that the accident herein and the resulting injuries and damage were caused solely by reason of *928 defendant Grumelli’s reckless and careless operation of his employer’s ('Santini’s) truck, while intoxicated. Defendant Grumelli’s conviction of the crime of driving while intoxicated, arising out of this accident, is admissible against him and is prima facie evidence of the facts involved (Giessler v. Accurate Brass Co., 271 App. Div. 980; De Marco v. Young, 20 Misc 2d 514). Defendants offered no explanation or rebuttal of this conviction and presented no facts to indicate that in the exercise of due care this accident could not have been prevented. Plaintiffs have established their claim sufficiently to warrant this court, as a matter of law, to direct judgment for the plaintiffs. The unverified statement of an alleged eyewitness submitted by plaintiffs in support of this motion was not considered by the court as it would not be admissible upon the trial of this action and therefore is not evidentiary in character and of no probative value. Accordingly, motion for summary judgment is granted to the extent of directing an assessment of damages. The case is added to the Ready Day Calendar of January 2, 1961, for such assessment. Copy of this order is to be served on the Calendar Clerk at least five days prior to this date and thereafter judgment may be entered in favor of the plaintiffs against the defendants in the amount determined upon the assessment.