**UNITED STATES, Appellant,**

**v.**

**Jimmy JONES et al., Appellees.**

**Nos. 4777–4795.**

District of Columbia Court of Appeals.

Argued April 17, 1969.

Decided June 16, 1969.

Henry F. Greene, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellant.

Lawrence J. Winter, Washington, D. C., for appellee in No. 4778.

Richard Dryden Burke, Washington, D. C., for appellees in Nos. 4779, 4788, and 4791. James Durkin, Washington, D. C., also entered an appearance for appellees in Nos. 4788 and 4791.

Robert J. Kurrle, Washington, D. C., for appellee in No. 4783.

Sol Z. Rosen, Washington, D. C., for appellee in No. 4785.

Appellees in Nos. 4777, 4780, 4781, 4782, 4784, 4786, 4787, 4789, 4790, 4792, 4793, 4794, and 4795, were pro se.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

These are nineteen consolidated appeals from dismissals of informations against appellees on the ground that they had been denied their right to a speedy trial.[1]

---

1. The sixth amendment provides:
 In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *.

In each case the appellee was held for action of the Grand Jury after probable cause had been found at a preliminary hearing or a preliminary hearing had been waived. Nine of these case were not presented to the Grand Jury, and ignoramuses were returned in the others. The Government thereafter filed informations in the trial court charging appellees with various misdemeanors which were related to the original felony charges. The period of time between arrest and the filing of the informations ranged from thirty-six days to eighty-three days. The period of time between the returning of the ignoramuses and the filing of the informations, or, in those cases which were not presented to the Grand Jury, the period between preliminary hearings or their waiver and the filing of the informations ranged from fourteen days to fifty-nine days. All appellees save one remained in jail pending the filing of the informations, due to their failure to make bond.

The judge sitting in Assignment Court set a standard of ten days for filing informations after the Grand Jury had returned an ignoramus. He suggested to appellees or their counsels that he would entertain oral motions to dismiss any case filed beyond that time on the ground of lack of a speedy trial.

 A mere showing of a lapse of time and incarceration in jail is insufficient to establish a denial of a right to a speedy trial.[2] While in some cases the length of delay may be so great that prejudice can be presumed, we are not presented with delays of that magnitude here.[3] "To come within the protection of the Sixth Amendment's speedy trial requirement the accused must show not only that there was unreasonable delay, but also that the delay prejudiced him or was purposeful or oppressive." United States v. Kaufman, *supra* n. 2 at 175. *See also* Smith v. United States, 118 U.S.App.D.C. 38, 41, 331 F.2d 784, 787 (1964); Bond v. United States, D.C.App., 233 A.2d 506 (1967). None of this was established in the instant cases.

 Under the circumstances, we do not find that the delays were unreasonable[4] and, in the absence of any showing of prejudice or that the Government's action was arbitrary, purposeful, oppressive, or vexatious, the appellees were not denied their sixth amendment rights to a speedy trial.[5]

Reversed with instructions to reinstate the informations.

2. Hedgepeth v. United States, 124 U.S. App.D.C. 291, 294, 364 F.2d 684, 687 (1966); United States v. Kaufman, 393 F.2d 172, 175 (7th Cir. 1968).

3. Smith v. United States, U.S.App.D.C. (No. 22,157, decided May 7, 1969).

4. The Government accepted responsibility for the delays in filing the informations and offered the explanation that the delays were attributable to the heavy workload imposed upon the United States Attorney's office by the civil disturbance of 1968.

5. "The right to a speedy trial * * * is not the right to an immediate one, and only where a prejudicial delay occasioned by forces other than the normal processes of our judicial system has occurred will a defendant be released because of a violation of this constitutional guarantee." United States v. Kennedy, D.C.App., 220 A.2d 322, 324 (1966).