**UNITED STATES, Appellant,**

v.

**Morris W. VAUGHN, Appellee.**

**No. 4867.**

District of Columbia Court of Appeals.

Argued May 19, 1969.

Decided July 17, 1969.

---

1. *See* Lewis v. Merzell, D.C.Mun.App., 117 A.2d 392 (1955).

**484**

Donald T. Bucklin, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., Frank Q. Nebeker and Henry F. Greene, Asst. U. S. Attys., were on the brief, for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

The Grand Jury ignored an attempted robbery charge involving the appellee. Thirty-seven days later, informations were filed against appellee charging him with attempted petit larceny and assault arising out of the attempted robbery charge. During this lapse of time, appellee was incarcerated under an indictment for an unrelated robbery charge.

An order dismissing the informations was entered when the prosecutor could not explain why the felony charge was broken down to misdemeanor charges and why there was a thirty-seven day delay in filing the informations. The Government appeals.

When the Grand Jury ignored the attempted robbery charge, the Government was faced with three alternatives: resubmit the case to the Grand Jury; file misdemeanor charges as it did here; or refuse to prosecute at all. United States v. Kennedy, D.C.App., 220 A.2d 322 (1966). Whatever option it chose to exercise, it was a matter solely within the prosecutorial discretion of the United States Attorney's office. That it chose to prosecute appellee on misdemeanor charges after the felony charge had been ignored by the Grand Jury is a policy consideration to be made by that office and is not subject to the scrutiny of the courts.[1] To permit court inquiry into such a determination would constitute an impermissible interference with the prerogatives of the executive branch of the government.[2] As this court stated in Unit-

---

1. *Cf.* Hutcherson v. United States, 120 U.S.App.D.C. 274, 345 F.2d 964 (1965), *cert. denied*, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965); Deutsch v. Aderhold, 80 F.2d 677 (5th Cir. 1935); Brandon v. United States, D.C.App., 239 A.2d 159 (1968).

2. *Cf.* United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965), *cert. denied*, Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767,

14 L.Ed.2d 700 (1965); United States v. Foster, D.C.App., 226 A.2d 164 (1967); Hassan v. Magistrates Court of City of New York, 20 Misc.2d 509, 191 N.Y.S.2d 238, *appeal dismissed*, 10 A.D.2d 908, 202 N.Y.S.2d 1002, *motion for leave to appeal dismissed*, 8 N.Y.2d 705, 201 N.Y.S.2d 1025, 167 N.E.2d 650, *cert. denied*, 364 U.S. 844, 81 S.Ct. 86, 5 L.Ed.2d 68 (1960).

ed States v. Shaw, D.C.App., 226 A.2d 366, 368 (1967):

> The trial court should remember that the District Attorney's office is not a branch of the court, subject to the court's supervision. It is a part of the executive department, separate and apart from the judicial department. The District Attorney, and he alone, must determine the policies of that office. On the District Attorney rests the responsibility to determine whether to prosecute, when to prosecute and on what charges to prosecute. A case is not to be summarily dismissed because the court disagrees with some policy of the District Attorney's office. Although appellee was arrested on a felony charge the District Attorney was not compelled to prosecute on the felony charge. He had the *discretion* to prosecute for the lesser offense. (Citation omitted.) (Emphasis supplied.) [3]

 However, it is proper for the court to inquire as to the reason for the *delay* in filing the informations when a speedy trial issue arises, in order to determine whether the delay is chargeable to the Government and if it was purposeful or oppressive. *Cf.* Bond v. United States, D.C.App., 233 A.2d 506 (1967). Although the record shows that the Assistant United States Attorney was not given an adequate opportunity to explain to the trial court the reasons for the delay, we do not find it necessary to remand for a hearing as to this point as was done in Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363 (1965).

In the instant case there was a delay of only thirty-seven days between the return of the ignoramus by the Grand Jury and the filing of the informations in the court below. During this period appellee was incarcerated as the result of an indictment returned by the Grand Jury for an unrelated incident. We cannot perceive how this delay [4] could impair appellee's ability to defend himself since he was already in jail and, therefore, such delay did not create an undue and oppressive incarceration. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *cf.* Hedgepeth v. United States, 125 U.S.App. D.C. 19, 365 F.2d 952, 955 (1966).

Nor did appellee indicate below that he was prejudiced by the delay. In fact, when the informations were filed, appellee requested a jury trial and did not move to dismiss for lack of a speedy trial.

Under the above circumstances, appellee was not denied a speedy trial.

Reversed with instructions to reinstate the informations.

---

3. *See also* Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967).

4. *See* United States v. Jones, D.C.App., 254 A.2d 412, (decided June 16, 1969), wherein delays of fourteen to fifty-nine days before the filing of informations were found to be reasonable.