**UNITED STATES, Appellant,**

v.

**Edward L. JEFFERSON, Appellee.**

No. 4806.

District of Columbia Court of Appeals.

Submitted July 23, 1969.

Decided Oct. 3, 1969.

Edwin K. Hall, Asst. U. S. Atty., for appellant. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, and Oliver A. Houck, Asst.

U. S. Atty., were on the brief, for appellant. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellant.

John A. Keats, Washington, D. C., appointed by this court, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge.

On November 21, 1967 appellee appeared before the trial court charged with an assault on two police officers, D.C.Code 1967, § 22–505. By agreement, and with the permission of the court, the preliminary hearing was continued to January 9, 1968, at which time appellee was held for the action of the grand jury. The felony complaint in the United States District Court was dismissed on February 21, 1968, however, without presentment to the grand jury. On March 26, 1968, in response to a letter from the District of Columbia Bail Agency, appellee appeared voluntarily before the Assignment Branch of the trial court [1] and was charged with two counts of simple assault, D.C.Code 1967, § 22–504, based upon the same incident for which he was originally arrested. The jury trial requested by appellee was set for May 10, 1968, but prior thereto, on May 3, appellee's motion to dismiss the charges for lack of a speedy trial was granted. The trial judge grounded his dismissal on a finding that " * * * the United States Attorney's office actions in juggling this case back and forth, absent any explanation, and upon the Government's refusal to make any explanation, which was specifically invited by the Court, is vexatious, oppressive, chicanerous, and harassment [sic] of this defendant * * *." We reverse.

 It is apparent from the record that the trial judge was disturbed by the fact that the original felony charge was

---

1. The Government states that prior efforts were made to get appellee into court without issuing a warrant for his arrest, but what those efforts were does not appear of record. Appellee was at all times on personal bond.

reduced without presentment to the grand jury, for which action the Government would give no explanation. He reasoned that if misdemeanor charges had been filed against appellee in the first instance the trial would have been scheduled within several months of the arrest instead of almost six months thereafter. We have recently re-emphasized, however, that mere lapse of time does not establish a denial of a right to a speedy trial.[2] Rather than concern itself with matters of prosecutorial discretion,[3] the trial court should consider, in addition to the time involved, the question of who caused the delay, whether the delay was purposeful or oppressive, and whether the delay prejudiced the defendant.[4]

In our judgment the lapse of time which could be attributed to the Government in this case did not justify dismissal of the informations. Appellee did take the stand to testify that he could not remember circumstances of his arrest. His lack of memory was not due to the passage of time, however, but to the fact that he had been drinking prior to the alleged assault.[5] Thus, any delay charged the Government could have no prejudicial effect on appellant's defense. No other circumstance supports the trial court's finding of vexatious, oppressive, chicanerous or harassing conduct on the part of the Government. Accordingly, the judgment herein is

Reversed with instructions to reinstate the informations.

2. United States v. Vaughn, D.C.App., 255 A.2d 483 (1969); United States v. Jones, D.C.App., 254 A.2d 412 (1969).

3. Epperson v. United States, 125 U.S.App. D.C. 303, 371 F.2d 956–957 (1967); United States v. Shaw, D.C.App., 226 A. 2d 366, 368 (1967).

4. Bond v. United States, D.C.App., 233 A. 2d 506 (1967).

5. Appellee also has a metal plate in his skull resulting from a war injury.