## No. 26290

### The People of the State of Colorado v. Prentice Joe Reliford

(525 P.2d 467)

Decided August 6, 1974.

J. E. Losavio, Jr., District Attorney, Dennis Faulk, Chief Deputy, Henry J. Geisel, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On June 20, 1972, defendant's wife was found beaten to death. The defendant was arrested the same day. On June 28, 1972, the Pueblo County Grand Jury returned an indictment against the defendant. Five days later, defendant appeared in district court with counsel for arraignment. At defendant's request, arraignment was continued for two weeks. Defendant was released on bail on July 11, 1972. Three additional continuances of the arraignment were subsequently granted at defendant's request.

Defendant was finally arraigned and pleaded not guilty on August 14, 1972, six weeks after the originally set arraignment date. On October 25, the date for hearing the motions which defendant had filed, he was granted a three weeks continuance. On January 8, 1973, trial was set to commence on May 1, 1973. Several days before trial was to commence, the district attorney informed the court that he would seek to have the indictment dismissed. On May 2, 1973, the district attorney filed a plea of *nolle prosequi* to dismiss the action on the grounds that the indictment was void. The trial court granted the plea and dismissed the action. The same day, the district attorney filed a direct information against defendant charging him with first-degree murder. Defendant was arrested on May 4, and released on bail on May 8, 1973.

On May 16, defendant filed a motion to dismiss the information for lack of a speedy trial. A preliminary hearing was held and on May 30, the court found probable cause to believe the offense charged in the information was committed by the defendant. The court set arraignment for June 11. On June 11, instead of arraigning the defendant, the court allowed the defendant to amend his motion to dismiss for lack of speedy trial and set it for hearing. On July 11, the trial court dismissed the information for failure to hold a speedy trial. After hearing further argument and testimony, the district attorney's motion for reconsideration was denied on the grounds that the case had not been tried within the one year time limitation of Crim. P. 48(b).

While recognizing that the six weeks of delay in the arraignment procedure was at the request of the defendant, the trial court nevertheless held that it "did not result in delaying the trial setting beyond the time provided by the rule." It held that "the delay was occasioned solely by the deliberate election of the district attorney to dismiss the indictment on the eve of trial, some ten months after it was filed, and then to file this case by direct information."

Pursuant to Colo. Sess. Laws 1972, Ch. 44, p. 253, § 39-12-102, the People bring this appeal. They make several alternative arguments to support their contention that trial court erred as a matter of law in dismissing this action. We agree with their first argument and, therefore, do not reach the merits of their alternative propositions.

The crux of the People's argument is that the trial court erred as a matter of law in charging the prosecution with the continuances which were granted at the request of the defendant. The defendant argues that the trial court's ruling that this time should not be charged against the defendant is a factual finding. Therefore, he maintains, the People cannot challenge it on appeal since they can only appeal questions of law. Colo. Sess. Laws 1972, Ch. 44, p. 253, § 39-12-102. For support, he cites *People v. Murphy,* 183 Colo. 106, 515 P.2d 107. There we held that where delays involve issues of facts resolved against the People, they cannot appeal. In the case at bar, however, even the trial court ruled that the delays were at the request and for the benefit of the defendant. The facts are undisputed and the only question is their legal significance which is an appealable matter.

I.

Prior to its amendment effective April 1, 1974, Crim. P. 48(b) provided that:

"If the trial of a defendant is delayed more than one year after the trial court obtains jurisdiction over the person of the defendant, *unless the delay is occasioned by the action or request of the defendant* or except that time consumed by any interlocutory appeals shall not be calculated in the time limits imposed herein, the court shall dismiss the indictment

or information; and the defendant shall not thereafter be tried for the same offense." (Emphasis added.)

In *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219, we quoted with approval the following language from the American Bar Association Standards Relating to Speedy Trial:

"2.3 Excluded Periods

"The following periods should be excluded in computing the time for trial:

\* \* \* \*

"(c) the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. A defendant without counsel should not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent."

\* \* \* \*

"4.1 Absolute Discharge

"If a defendant is not brought to trial before the running of the time for trial, *as extended by excluded periods,* the consequence should be absolute discharge . . ." (Emphasis added.) A.B.A. Standards, Speedy trial. (Approved Draft, 1968).

Here the defendant, through his counsel, requested and obtained continuances totaling nine weeks. The trial court erred in not excluding this time period in computing the time for trial.

Assuming arguendo that the one year time period commenced on June 28, 1972, it did not expire until August 30, 1973.[1] The defendant's motion to dismiss was filed on May 16, 1973, over three months before the earliest expiration of

[1] The People maintain that the grand jury indictment was void and, therefore, the time limitation of Crim. P. 48(b) did not commence until May 4, 1973, the date defendant was arrested under the direct information. *Compare Rowse v. District Court in and for County of Alamosa,* 180 Colo. 44, 502 P.2d 422, *with* A.B.A., Speedy Trial, §§ 2.2, 2.3(f) (approved Draft, 1968). The defendant contends that the indictment validly charged second-degree murder. We do not decide that issue here.

the one year limitation of Crim. P. 48(b). If the defendant had been arraigned on June 11, 1973, as scheduled, the trial could have commenced prior to August 30, 1973. We hold that under such circumstances the motion was premature and the trial court erred in dismissing the action pursuant to Crim. P. 48(b).

## II.

■ Defendant argues that since he was not brought to trial within six months from the date of his plea of not guilty, 1971 Perm. Supp., C.R.S. 1963, 40-1-505 requires dismissal. However, 1971 Perm. Supp., C.R.S. 1963, 40-1-103(2) provides that:

"The provisions of this code do not apply or govern the construction of, prosecution for, and punishment for any offense committed prior to July 1, 1972, or the construction and application of any defense to a prosecution for such an offense. Such an offense shall be tried and disposed of according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted. All pending actions shall proceed to final disposition in the same manner as if this code had not been enacted."

Therefore, the speedy trial provision of section 40-1-505 does not apply to this action since the alleged offense was committed prior to July 1, 1972.

## III.

■ The defendant argues that defendant's constitutional right to a speedy trial was violated. He admits that the trial court did not base its ruling upon constitutional grounds. The defendant testified that he had been subjected to additional burdens because of the pending charges. He was forced to change jobs several times and has found it impossible to obtain credit. For the purpose of showing that defendant's case had not been prosecuted in the regular course of the court's business, his defense counsel requested the court to take judicial notice that cases which had been filed after June 28, 1972, had already been resolved. The trial court made no findings on these matters. However, even accepting defend-

ant's statements as true, prejudice is only one factor which must be considered in determining whether his constitutional right to a speedy trial was denied. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *People v. Spencer,* 182 Colo. 189, 512 P.2d 260. The delay at time of filing his motion to dismiss was less than one year from the date of indictment. He had been out on bond for most of that time. His motion for continuances caused at least nine weeks of delay. He was represented by counsel at all relevant times. He appeared before the court several times, and yet he did not request an early trial date. Considering all these factors, as we must, it is our judgment the defendant was not denied his constitutional right to a speedy trial.

## IV.

Lastly, the defendant argues that the action should be dismissed on the grounds that the defendant was denied his constitutional right to due process of law. He contends that as in *People v. Abrahamsen,* 176 Colo. 52, 489 P.2d 206, while the district attorney's use of procedure may be technically legal, he effectively circumvented the speedy trial limitation imposed by rule. *Abrahamsen* is clearly distinguishable from the case at bar. There the district attorney twice had charges involving the theft of trade secrets dismissed. The second time the charges were dismissed, the trial court warned the district attorney that he could not refile. Nevertheless, the district attorney sought to exercise his technical right a third time. The trial court dismissed the action and we affirmed. In the case at bar the trial court granted the plea of *nolle prosequi* with the understanding that charges would be refiled. Moreover, the validity of the indictment was in doubt and hence any conviction may have been avoided. *See* footnote 1, *supra.* While this potential defect should have been cured more quickly, the good faith of the district attorney is not in question here. Under such circumstances the district attorney did not abuse his power in filing a direct information in lieu of proceeding on the indictment. Hence, defendant was not denied his constitutional right to due process.

The judgment is reversed and the case is remanded to the district court with directions to proceed to trial with all due speed.

MR. JUSTICE GROVES does not participate.