## No. 26775

**Kenneth Dresner and Thomas L. Padilla v. The County Court in and for the County of Pueblo and the Honorable Eugene T. Halaas, County Judge within and for the Pueblo County Court of the State of Colorado**

(540 P.2d 1085)

Decided September 29, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth Dresner, Deputy, for petitioners.

J. E. Losavio, Jr., District Attorney, James R. Gmelin, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding, in the nature of mandamus, was filed pursuant to the provisions of C.A.R. 21. The petitioners before the court are Thomas Padilla and a lawyer from the public defender's office who represents him.[1]

The issues now before us center on the failure of the district attorney to present a grand jury indictment in open court and on an order quashing subpoenas directed to the district attorney, his assistants, and the foreman of the grand jury. We issued a rule to show cause and now discharge the rule.

The Padilla brothers were arrested on December 21, 1974, on charges of murder in the first degree and conspiracy to commit murder in the first degree. Thereafter, on December 30, 1974, the district attorney filed a petition seeking additional time within which to file formal charges. His motion stated that "there is a strong possibility that this matter may be presented to the grand jury for consideration and that body does not reconvene until January 2, 1975." The trial judge granted the district attorney's petition. Early in January, Paul R. Bratfisch, one of the public defenders representing the Padillas, learned from the district attorney's office that the grand jury returned a true bill charging the defendants with murder in the second degree.

On January 9, 1975, the district attorney ignored the true bill and filed a complaint in the Pueblo county court. The complaint filed by the district attorney charged the defendants with murder in the first degree and conspiracy to commit murder in the first degree. Public defender Bratfisch was informed that the reason the district attorney ordered that a complaint or direct information be filed was because a second-degree murder charge would weaken the strong bargaining position which a first-degree murder charge creates. The source of Bratfisch's information was again the district attorney's office.

DID THE DISTRICT ATTORNEY HAVE THE AUTHORITY TO IGNORE THE ACTION TAKEN BY THE GRAND JURY AND FILE A DIRECT INFORMATION CHARGING HIGHER GRADE OFFENSES THAN THOSE WHICH THE GRAND JURY DETERMINED WERE SUPPORTED BY PROBABLE CAUSE?

■ A district attorney has wide prosecutorial discretion. Moreover, a district attorney, in Colorado, may bring charges either by filing a complaint or direct information or by presenting a grand jury indictment in open court. The alleged motives bearing upon the district attorney's intent in the present case, however, may raise ethical questions which we do not reach in this opinion.

■ First, the district attorney did have the authority to file a complaint or information in derogation of the grand jury's true bill. The foun-

---

[1] Gilbert L. Padilla and Paul R. Bratfisch, the public defender assigned to defend him, have been dropped as petitioners. Gilbert L. Padilla entered a plea to first-degree assault on July 2, 1975. Therefore, the issue is moot as to both Gilbert L. Padilla and his counsel.

dation for our opinion rests upon Crim. P. 7(a), which provides:

"(a) *The Indictment.*

"(1) An indictment shall be a written statement *presented in open court* by a grand jury to the district court which charges the commission of any crime by an alleged offender.

"(2) *Requisites of the Indictment.* Every indictment or accusation of the grand jury shall be deemed technically sufficient and correct which states the offense in the terms and language of the statute defining it or so plainly that the nature of the offense may be plainly understood. It also should contain therein:

"(I) That it is *presented* by a grand jury;

"(II) That the defendant is named, or described as a person whose name is unknown to the grand jury;

"(III) That the offense was committed within the jurisdiction of the court, or is triable therein;

"(IV) That it is signed by the foreman of the grand jury, and the *prosecuting attorney, his assistant, or deputy.*" (Emphasis supplied.)

In ruling on a parallel issue in *United States v. Cox*, 342 F.2d 167 (5th Cir. 1965), the Court said:

"The role of the grand jury is restricted to a finding as to whether or not there is probable cause to believe that an offense has been committed. The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause [Schwartz, Federal Criminal Jurisdiction, 13 Law & Contemp. Prob. 64; 2 Ops. Att'y Gen. 482; 38 Ops. Att'y Gen. 98]. Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions [Statements of the controlling principles and references to other precedents may be found in Dear Wing Jung v. United States, 9th Cir. 1963, 312 F.2d 73; Swepston v. United States, 8th Cir. 1961, 289 F.2d 166, cert. den. 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612; People v. Florio, 301 N.Y. 46, 48, 92 N.E.2d 881, 17 A.L.R.2d 993; Hassan v. Magistrates Court, 20 Misc.2d 509, 191 N.Y.S.2d 238; Murphy v. Sumners, 54 Tex. Cr.R. 369, 112 S.W. 1070]. The provision of Rule 7, requiring the signing of the indictment by the attorney for the Government, is a recognition of the power of Government counsel to permit or not to permit the bringing of an indictment. If the attorney refuses to sign, as he has the discretionary power of doing, we conclude that there is no valid indictment."

*See United States v. Wright*, 365 F.2d 135 (7th Cir. 1966); *In re Grand Jury Impanelled January 1969*, 315 F.Supp. 662 (D. Md. 1970); *see also People v. Reliford*, 186 Colo. 6, 525 P.2d 467 (1974).

■ Because the true bill in the present case was never filed in the district court, the district attorney had the power and authority to file a complaint or direct information that included charges which were different than those allegedly set forth in the true bill. Our resolution of this issue causes the remaining issues to be moot.

Accordingly, we discharge the rule to show cause.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES dissent.

MR. JUSTICE KELLEY concurs in the result.

MR. JUSTICE GROVES dissenting:

I respectfully dissent.

In the light of the fact that a district attorney may file a charge by information without presenting the matter to a grand jury, I find a distinction between the federal rule as represented by *United States v. Cox*, 342 F.2d 167 (5th Cir. 1965) and the instant situation. Under our Colorado Constitution a prosecution for a felony is commenced by indictment "[u]ntil otherwise provided by law." The General Assembly has granted to prosecuting attorneys the authority to file informations in addition to authority to grand juries to return indictments. Sec. 16-5-101, C.R.S. 1973, *et seq.* In my opinion there has been no legislative intent to permit a district attorney to cast aside a felony indictment returned by a grand jury which charges a lesser included offense, and then file an information charging the greater offense.

MR. CHIEF JUSTICE PRINGLE joins in this dissent.