Larry Ray LUCERO, Plaintiff–Appellant,

v.

The Honorable Kim GOLDBERGER, County Court Judge, First Judicial District, State of Colorado, Respondent–Appellee.

No. 89CA0861.

Colorado Court of Appeals, Div. I.

June 14, 1990.

Rehearing Denied July 26, 1990.

Certiorari Denied Jan. 28, 1991.

Springer and Steinberg, P.C., Harvey A. Steinberg, Denver, for plaintiff-appellant.

Donald E. Mielke, Dist. Atty., Donna Skinner–Reed, Chief Appellate Dist. Atty., Golden, for respondent-appellee.

Opinion by Judge HUME.

In this C.R.C.P. 106 action, plaintiff, Larry Ray Lucero, appeals a district court's judgment that affirmed a ruling by the respondent judge of the Jefferson County Court denying plaintiff's motion to enforce an alleged governmental promise. Plaintiff also seeks to appeal the district court's reversal, in an interlocutory appeal pursuant to Crim.P. 41.2, of respondent's pre-trial ruling suppressing the use of evidence in a pending county court criminal proceeding. We affirm the judgment in the C.R.C.P. 106 action and dismiss plaintiff's appeal of the reversal of the suppression ruling.

While driving his own vehicle off-duty, plaintiff, a Denver County sheriff's deputy, was stopped by a Lakewood police officer for running a stop sign. He was subsequently arrested for driving under the influence of intoxicating liquor (DUI) and was taken to a detoxification center for alcohol testing. After a test of plaintiff's breath revealed the presence of 0.17 grams of alcohol per 210 liters of breath, he was issued a summons and complaint charging him with DUI.

After the summons had been served, and while plaintiff was awaiting transportation from the detox center, a Lakewood police sergeant intervened and proposed an informal disposition of the DUI charge. That proposal contemplated the withdrawal or dismissal of the DUI charge and the substitution of a lesser charge in its stead. Thereafter, plaintiff left the detox center with his own employment supervisor who had also been involved in the discussions relating to the disposition proposal.

At that time, plaintiff retained possession of the DUI summons and complaint and the second sample of his breath. Later, however, upon plaintiff's return of the original summons and complaint and the sample, the Lakewood Police Department issued a new summons and complaint charging plaintiff with failure to stop at a stop sign.

The Lakewood Police Department's request that the Jefferson County District Attorney cancel the DUI charge was refused, however, and when plaintiff appeared in county court, he learned that it was still pending. The police department mailed a notice to plaintiff advising him that he could reclaim the second breath sample within 30 days for independent testing, and that the sample would be destroyed if not timely reclaimed. Plaintiff denied receiving the notice, and the sample was destroyed pursuant to normal departmental policy.

Prior to trial on the DUI charge, the county court conducted a hearing on plaintiff's motion to enforce an alleged governmental promise. Respondent found that the alleged agreement was unenforceable because it was neither a plea bargain authorized by the district attorney nor a

promise that induced plaintiff's detrimental reliance, and denied plaintiff's motion.

However, the respondent also found that the second breath sample was "potentially exculpatory" and, on its own initiative, the court ordered that plaintiff's breath test results be suppressed because of the destruction of the second sample by police.

Plaintiff thereafter filed a C.R.C.P. 106(a)(4) complaint in district court seeking review of the county court's denial of his motion to enforce the alleged governmental promise. The district attorney independently initiated an interlocutory appeal from the county court's suppression order pursuant to Crim.P. 41.2.

The district court consolidated the actions, affirmed the denial of plaintiff's motion, and reversed the suppression order.

## I.

■ Plaintiff contends that the district court erred in denying his motion to enforce the alleged governmental promise, arguing that his prosecution on the DUI charge is barred by the Lakewood police sergeant's promise that the charge would be dropped. We disagree.

## A.

We, as did the county and district courts, find no record support for plaintiff's argument that the Lakewood police sergeant was clothed with apparent authority to plea bargain on behalf of the district attorney. There is no indication that the district attorney, by words or conduct, had authorized or apparently authorized the sergeant to make representations as to what charge or charges would be prosecuted.

■ Our supreme court has adopted the rule stated in *Restatement (Second) of Agency* § 8 (1958) for use in determining the existence of apparent authority. *People v. Manning*, 672 P.2d 499 (Colo.1983). That rule states that such authority is created by written or spoken words or other conduct *of the principal* which, reasonably interpreted, causes a person to believe that the principal consents to have the act done

on his behalf by a person purporting to act for him.

The authority to exercise discretion as to whether charges should be prosecuted, dropped, or bargained has been vested by the General Assembly, pursuant to Colo. Const. art. VI, § 13, in the district attorney. Section 20–1–102 C.R.S. (1986 Repl. Vol. 8B); *Dresner v. County Court*, 189 Colo. 374, 540 P.2d 1085 (1975).

While a peace officer may issue a summons and complaint for misdemeanor offenses based upon probable cause pursuant to § 16–2–103, C.R.S. (1986 Repl.Vol. 8A), that statute does not limit the district attorney's constitutional authority to prosecute charges he believes to be appropriate. Thus, the exercise of ultimate discretionary charging authority, having been vested with the office of the district attorney, remains with that official as principal, unless it is delegated. And it is the district attorney, as principal, whose words or conduct must support the existence of plaintiff's claimed reliance on the police sergeant's apparent authority. No such words or conduct by the district attorney have been alleged or shown here.

## B.

■ Plaintiff also contends that, even absent express or apparent authority, the government may nevertheless be estopped by a governmental agent's promise that induced his detrimental reliance. While we agree with the legal premise asserted, we deem that premise inapposite here.

■ A governmental promise is subject to enforcement if an accused, in reliance upon the promise, has taken some detrimental action in reasonable expectation of receiving the benefit promised by the government. *People v. Fisher*, 657 P.2d 922 (Colo.1913). In order to prevail under that rule, an accused must demonstrate that he performed some tangible act or relinquished some significant right in reliance upon the promise, and that the act or relinquishment so induced was detrimental to his right of fair treatment and due process.

Here, the evidence, in a light most favorable to plaintiff, shows that after having been arrested, tested, and charged with DUI, he was "promised" that he would not be prosecuted on that charge. However, he made no inculpatory admissions or concessions in reliance on that promise. He was not induced by that promise to plead guilty to another charge in exchange for the dismissal, and he has not demonstrated that his position was significantly altered as a result of the promise. Hence, the government is not estopped from disavowing the sergeant's promise.

 Plaintiff, however, argues that his relinquishment of the second blood sample and its subsequent destruction was detrimental to his defense. We disagree.

In order to demonstrate a due process violation by prosecutorial destruction of evidence, plaintiff is required to show the constitutional materiality of the lost or destroyed evidence. That is, he must show that the evidence had an apparent exculpatory value before its destruction. *People v. Greathouse*, 742 P.2d 334 (Colo.1987).

If, as here, one sample has already been tested, a second sample drawn at the same time does not, as a matter of law, have apparent exculpatory value. *People v. Humes*, 762 P.2d 665 (Colo.1988). Thus, we conclude plaintiff's relinquishment of his second breath sample did not deprive him of such demonstrably significant right or benefit as to justify his enforcement of the sergeant's illusory promise.

Plaintiff's second argument, that his employment supervisor's involvement in the discussions with the sergeant constitutes a significant detrimental reliance, is without merit. No present or foreseeable detrimental consequence has been alleged or demonstrated from that involvement here.

### II.

We are without jurisdiction to review plaintiff's contention that the district court erred in reversing the county court's order suppressing evidence of plaintiff's blood alcohol content. Plaintiff's only avenue of review of the district court's ruling was to petition for writ of certiorari to the Colorado Supreme Court. *See* § 13–6–310(4), C.R.S. (1987 Repl.Vol. 6A); *see also People v. Dee*, 638 P.2d 749 (Colo. 1981). Here, since such a petition was not filed, the district court's order of reversal is final, *see* C.A.R. 49 and 52(a), and it is unreviewable by direct appeal to this court.

The district court's C.R.C.P. 106 judgment is affirmed, and plaintiff's appeal of that court's decision on the People's appeal of the suppression issue is dismissed.

PIERCE and MARQUEZ, JJ., concur.