[No. 4422.]

THE PEOPLE EX REL. LINDSLEY, DISTRICT ATTORNEY, v. THE DISTRICT COURT OF SECOND JUDICIAL DISTRICT, AND JOHNSON AS JUDGE.

JURISDICTION—DISTRICT ATTORNEY—SPECIAL PROSECUTOR.

Where the judge of the district court knows or has reason to believe from information which he considers reliable, that certain crimes have been committed which should be investigated by a grand jury, and that the district attorney is involved in such crime or that his conduct in connection therewith is such that it should be investigated, it is the duty of the judge to submit such matters to the grand jury and he has authority and it is his duty to appoint a special prosecutor to advise with the grand jury and to act in the place and stead of the district attorney in the investigation of such matters.

*Original Proceeding.*

*Application for Writ of Prohibition.*

This proceeding is instituted on behalf of the district attorney of the second judicial district, for the purpose of restraining the district court of that district, the Honorable Frank T. Johnson, the judge presiding over the criminal division thereof from supplanting the relator as adviser of the grand jury. A rule to show cause having been issued, the respondent judge has made return, wherein he sets forth facts which, he contends justify the action of which relator complains.   The material facts, as disclosed by the pleadings, upon which the respondent judge has acted, are as follows:

Relator is the duly elected and qualified district attorney of the second judicial district.   Upon the opening of the divison thereof over which the respondent judge presides, the Colorado Bar Association presented a memorial for the consideration of the court, wherein it was stated that after the trial of the case of *The People v. Anderson* at the preceding term of the court, in the criminal division thereof, not then presided over by the respondent, affidavits were filed in that division wherein it was charged that attempts had been made to improperly influence the verdict of the jury in that case, which affidavits, it is stated in such memorial, contained charges which either directly or indirectly involve every branch of the administration of justice in that division of the court. In this memorial it was also stated that the charges contained in such affidavits "have startled the entire community, and caused a widespread, if not universal, feeling of distrust of the ad-

ministration of justice in this division"; and suggested that a grand jury be called for the purpose of investigating these charges, and that as the district attorney of the district was involved in such charges, special counsel should be appointed to advise the grand jury in their investigation.

In response to this memorial the relator stated, in substance, that if, in the opinion of the court, it was deemed advisable to call a grand jury, he heartily joined in the suggestion of the Bar Association that one should be empaneled; but with respect to the suggestion that he be superseded by some other attorney in the conduct of the proposed investigation before the grand jury, he said: "If there are any circumstances connected with the proceedings that have transpired before your predecessor which in any way involve the district attorney's office, as that document seems to indicate, I take it, if your honor please, that it is the right of these gentlemen, and that it is their duty, to prefer charges against me and my office in the way the statute indicates, so that I may have opportunity to be confronted with these charges, and not be condemned with innuendoes, but be faced with specific charges, and that I may have a full and fair hearing. The statutes point out, if your honor please, the way these charges can be made, so I say here and now to your honor and to these gentlemen, that I have no disposition to in any way hinder a full, fair and free investigation. If these gentlemen will prefer charges before the judges ,and if these judges—I mean the judges of this district—deem these charges of sufficient gravity or sufficient weight to warrant presentment to a grand jury, I will, of my own accord, step aside and ask the judges to appoint a special prosecutor."

The court thereafter ordered a grand jury and persons have been summoned for that purpose, but not sworn. Subsequently the court heard arguments on the question of its authority to appoint special counsel to advise the grand jury in the place and stead of the district attorney or his assistants. In his petition relator states, in substance, that the only matter outside of the memorial itself called to the attention of the court at this argument was the affidavit of one George L. Adams, which had been filed in the case of the People v. Anderson. Affiant was a member of the regular panel of petit jurors serving at the term at which Anderson was tried, and in this affidavit he states that prior to the Anderson trial he met the district attorney, when the following conversation took place:

"Lindsley said, 'George, how are you on this Anderson case; how are you and Billy Anderson—are you pretty good friends?' I said, 'Yes, I am friends with Billy just like I am with you.' He said, 'Now, you know that you used to belong to the Jacksonian Club, and Billy was a prominent member and so was I, and I didn't know but your connection with Billy would prejudice you so that you wouldn't want to sit on the jury.' I said, 'So far as that goes, Anderson and I are no more friends than you and I, and if he has done anything he ought to be punished for, I will see that he is punished, if not, I will clear him.' He said, 'Will you be with me if you are on that jury?' I said, 'If the evidence convinces me that Billy Anderson was to blame, all right—I will be with you, and if it don't, I will be with Billy Anderson. There is no getting around the post with me. Now you can put me on the jury or take me off."

Petitioner also states that after the memorial and

affidavit were read, he demanded of the court and Bar Association to know if there were any other charges which they desired the court to consider than those stated in the memorial and the Adams affidavit; that neither the court nor the Association presented any other charges; that the Bar Association disclaimed any idea of reflecting upon the integrity or official character of the district attorney, and that the matters they presented were merely by way of suggestion, which they did not desire to have the court consider as matters of litigation, nor that the memorial should be considered as a motion which the court would be warranted in acting upon, and that whatever action should be taken by the court should be of its own motion, and that they were there only as *amici curiae.* In the opinion filed when the matters considered were determined, the court, after stating what charges were made in the Anderson case, said, in substance, that following these charges articles appeared in the public press of the city of Denver to the effect that the proof of bribery in that case was evident, but that the court, including the district attorney's office, had hastily and unduly attempted to investigate the matter, not for the purpose of securing a conviction of the alleged guilty parties, but of securing an acquittal; that he, the respondent judge, had given ear to these charges called to his attention through public rumor as well as the suggestions on the part of the Bar Association, and had called a grand jury, and after discussing the legal questions involved with respect to the appointment of special counsel, to attend upon that body, announced that the district attorney should be supplanted as adviser of the grand jury, and that "some other person who was a member of the bar should be designated by the

court to act in his place until such time as the grand jury or the person so selected shall inform the court that there is no further investigation to be made in which the district attorney or his office is either directly or indirectly involved."

In his return to the alternative writ the respondent judge states the charges that were made concerning the attempt to bribe the jury in the Anderson case, details the proceedings subsequently begun and the result thereof, and repeats what was publicly said with respect to them, as set out in his opinion above referred to. He also says: "That none of the proceedings had or taken, or proposed to be had or taken, in respect to the calling of said grand jury, the appointment of a special prosecutor, and the investigation of the matters and things above set forth, are at the request only of said The Colorado Bar Association, but upon reports current in this community, matters within his own knowledge, and the demands of the people in respect to the same, together with said memorial."

The order which the respondent judge was about to enter, but which has been suspended by this proceeding, so far as material to notice, is as follows:

"The court having carefully considered certain matters concerning the administration of justice in this Division, has concluded to call, and has called, a special grand jury to investigate the same, and such other matters as may be related thereto.

In connection with that investigation, it will be necessary that the doings of the district attorney of this district, and of his office, come under investigation both directly and as a part of the entire administration of justice in this division, and the grand jury will be so charged.

\*      \*      \*      \*      \*      \*      \*

It is therefore ordered that neither the district attorney, nor any of his assistants, take any part in the investigation to be made by said grand jury, unless and until said grand jury, or such person as shall be selected by this court to act in the place of the district attorney in connection with this investigation, shall inform the court that there is no further investigation to be made in which the district attorney or his office is either directly or indirectly involved.

This court will further, as soon as the grand jury now called is empaneled and charged, appoint an attorney of this court as a special adviser to act in the place and stead of the district attorney in connection with this investigation."

He further says:   "And in his charge to the grand jury, when empaneled, it was and is the intention of respondent to call to their attention for investigation all of the acts, doings and proceedings in said criminal division of the district court, and of all the officers connected therewith, including the district attorney's office, and including those matters which arose out of or were connected with said charges of attempted bribery or embracery  \*   \*   \*; and it has not been, and is not, his purpose or intention to attempt the suspension or removal of said relator from his office of district attorney, but only to provide for said grand jury, when empaneled, in the place and stead of said relator, an impartial attorney to assist in its investigation of said criminal division, including therein the office of said relator as district attorney."

Mr. C. S. THOMAS, Mr. L. M. GODDAED and Mr. T. E. McINTYRE for relator.

Mr. PLATT ROGERS, Mr. HENRY F. MAY, Mr. A. J.

FOWLER and MR. LUCIUS W. HOYT for respondents.

*Per Curiam.*—The sum and substance of the preceding preliminary statement, which fully states the attitude of the respective parties, is, that the respondent, who is presiding judge of the criminal division of the district court of Arapahoe county at the present term, has been advised—through various sources of information which he deemed sufficiently reliable to prompt him to act—of an attempt to bribe jurors engaged in the trial of the Anderson case and of the subsequent proceedings against these parties, which, it is claimed were instituted in their interest and for the purpose of securing their acquittal, and proposes to submit these matters to a grand jury for investigation; and inasmuch as these alleged acts include every branch of the criminal division of the court in which they were said to have taken place, and that he will charge that in considering these matters every branch of the criminal division should be investigated, it is his intention, as soon as a grand jury is empaneled and charged, to appoint an attorney in the place and stead of the district attorney, to take special charge of the investigation before them, touching these matters.  The question for us to determine is, has the respondent judge this power, in the circumstances of this case? If he has the jurisdiction to take this course, or having it, does not propose to exceed his legitimate powers, then this court cannot interfere by prohibition.  Such is the test to apply in proceedings of this character. *McInerney v. City of Denver*, 17 Colo., 302.

The argument of relator is, in brief, that he cannot be supplanted except in the manner provided by law. in support of this proposition it is argued that the

office of district attorney is a constitutional one, the constitution having provided that the incumbent cannot be removed except in the manner provided by law, it follows that relator cannot be removed except for the causes and in the manner pointed out by the statute. This proposition, though correct, is not applicable. The relator has not been removed from his office, nor is it the purpose of the respondent judge to remove him. All the judge proposes doing is to appoint some person to advise the grand jury in matters submitted to it in which the district attorney's conduct is a subject of investigation.

1 Mills Ann. St. sec. 1303, provides that if any district attorney shall have been presented, the court shall have the power to appoint for that occasion a prosecuting attorney. This provision, in its ordinary sense, must be taken to mean that if a grand jury shall notify the court that it has taken notice of an offense which, it is claimed, the district attorney has committed, it would be the duty of the judge to appoint counsel to take charge of the matter. This is not the case we are called upon to consider; neither does the section in question limit the authority of the court in the premises, as applied to the circumstances under which the respondent judge has signified his intention of acting. It is his purpose to order an investigation by a grand jury of certain matters which, it is charged, involve the district attorney and his office. In other words, that certain alleged offenses in which it is said, the district attorney is implicated, are to be investicated by a grand jury under the direction of the respondent. To say that the court must wait, before appointing counsel to assist the grand jury in such an investigation, until that body has reported that the district attorney is guilty of

some offense, would be a strange doctrine. The district attorney is the legal adviser of the grand jury; it is his duty to appear before and advise them from the evidence what charges to make; what testimony is material, relevant and sufficient, and what is not; and if, prior to his presentment, no one can be substituted in his place and stead to manage an investigation in which, from the charge of the court, he is directly or indirectly implicated, it would be within his power to thwart the administration of justice by preventing the preliminary steps being taken necessary to the finding of an indictment.

1 Mills Ann.St. sec. 1556 provides that if the district attorney is interested or shall have been employed as counsel in a case, the court having criminal jurisdiction may appoint some other person to prosecute or defend such cause. On the strength of this provision it is urged on behalf of the relator that the facts do not warrant the action of which he complains, and that there must be some particular case in which he is interested, or at least his interest, before it disqualifies him from acting, must be of that character that it is capable of precise proof, and that before this can be ascertained some direct charge must be made which he has the right to meet and refute. With respect to cases actually pending before the court, or to be investigated by a grand jury in which it does not appear upon the face of the proceedings or the charge of the court, that the district attorney is interested, this may be true, although we do not so decide, for that is not the question presented.

As already stated, in effect, the purpose of the respondent judge is to submit to the consideration of a grand jury certain matters touching the administra-

tion of justice, and certain offenses alleged to have been committed which have been called to his attention in connection with, or in the commission of, which the district attorney is involved. In such circumstances no preliminary proceedings are required. If, from any source which he deems sufficiently reliable to prompt him to act, the judge obtains information implicating the district attorney in any alleged offense which he has called to the attention of the grand jury, and acting on such information, directs that body to investigate the district attorney with respect to such offense, such action *ipso facto* disqualifies the district attorney from acting in such matters; and the judge so doing, charged as he is with the responsibility of not knowingly permitting the channels of justice to become obstructed, has the undoubted authority, and it would be his bounden duty, to appoint an attorney to act in the place and stead of the district attorney with respect to such matters. The district court has the inherent power to protect itself, and direct investigations in a manner which will render them thorough and impartial—*People v. Roberts*, 11 Colo. 213. Reason dictates and simple justice demands that no official or individual can take part in an investigation before a grand jury the result of which may affect him, either directly or indirectly. The district attorney very frankly stated, at the time the memorial of the Bar Association was presented to the respondent judge, that if charges were presented against him before the judges of sufficient gravity to warrant presentment to a grand jury, he would, of his own accord, step aside and ask the judges to appoint a special prosecutor. This action was undoubtedly prompted by a desire on the part of the district attorney to afford the fullest investigation of

his conduct; and although he appears here for the purpose of contesting the right of the judge to appoint a special prosecutor, he does not resist such contemplated action except for the reason that no formal charge has been preferred. If the investigation is to be before the grand jury, there can be no formal charge until they have concluded their investigation. Whether he is guilty of some offense to which the attention of the grand jurors may be directed is not a question which the court can determine in advance, for the question of whether he shall or shall not be indicted is one which the grand jury must solve. If his conduct is to be considered by the grand jury, either of its own motion or at the suggestion of the court, he must abide the result the same as any other citizen. Our conclusion, therefore, is that it is the duty of the respondent judge, if he knows or has reason to believe that a particular class of crimes, or some particular crime, has been committed which should be investigated by a grand jury, to instruct them in open court as to the law and their duty relative thereto. If he knows, or has reason to believe, from information which he considers reliable, that the district attorney is involved in such crimes, or crime, or that his conduct in connection therewith is such that should be investigated at the hands of the grand jury, and so charges, it would be his bounden duty to appoint an attorney to act in the place and stead of the district attorney with respect to such matters. Such an appointee should be of the court's own selection, and as to the matters for which he is appointed, he becomes vested with all the powers of the district attorney, but independent of that official. As to all matters which might come before the grand jury other than those for which a special prosecutor

was appointed, the regular drstrict attorney would be free, and it would be his duty, to act. For this reason the judge in his charge to the grand jury should particularize with care those matters to which their attention was directed, and in which an attorney was appointed for the special purpose of aiding the grand jury in investigating.

From the facts disclosed by the pleadings before us, the respondent judge intends to pursue this course, guided in his action by the law relative to the appointment of a special district attorney, as we have herein indicated. We must, therefore, conclude, that in his official capacity he has jurisdiction to take the steps of which relator complains, and that in so doing he does not purpose to exceed his legitimate official powers. The petition is denied, the rule discharged, and the proceedings dismissed.