[No. 4940.]

GRAY v. THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT ET AL.

**Courts—District Attorneys—Special Attorneys—Appointment— Grounds.**

Section 1556, Mills' Ann. Stats., authorizes the court to appoint a special district attorney if the district attorney is interested, or shall have been employed as counsel in any case which it shall be his duty to prosecute or defend; section 1557 provides that, if the district attorney be sick or absent, the court shall appoint some person to discharge the duties of the office; and absolute power of dismissal of prosecutions is vested by law in such officer without the approval of the court. Held, that

where the court did not find that the district attorney's motives
in dismissing cases were corrupt, but found that they were not
impure and that an impartial investigation could not be had
through his office because of his partiality, the appointment of
a special prosecutor was not authorized, since the interest which
requires his removal is not that which results from his becom-
ing biased in favor of a defendant, but is such a concern in the
outcome of the matter that he will either reap some benefit or
suffer some disadvantage.—P. 302.

### Original Proceeding in Certiorari.

*Certiorari* by John L. Gray to review the action
of the district court of the ninth judicial district and
the Honorable John T. Shumate, judge thereof, F.
W. Adams, sheriff, and Charles W. Taylor, and pray-
ing for a writ of prohibition against the appointment
of a special prosecutor to act as district attorney in
place of petitioner, who was alleged to be prejudiced.
                                    *Writ granted.*
Decision *en banc,* all the justices concurring.

Mr. J. W. DOLLISON and Mr. JOHN L. NOONAN,
for petitioner.

Mr. W. J. KERR and Mr. D. M. CAMPBELL, for
respondents.

*Per Curiam:*   By the petition and supplemental
petition it appears that the petitioner was, at the
time the acts complained of were committed, the duly
elected, qualified and acting district attorney within
and for the ninth judicial district; that on the 19th
day of November, 1904, the grand jury returned three
certain indictments; that the defendants named in
the indictments were arraigned and entered pleas of
not guilty; that on the 9th day of December the peti-
tioner caused to be entered a plea of *nolle prosequi*
in each of said causes; that thereafter the respond-
ent, the judge of the district court of said judicial
district, upon affidavits presented, entered an order

containing the recital that the court had reason to believe that certain crimes had been committed which should be investigated, and "that it appearing from the affidavits of the district attorney that he is not impartial in the premises, that he is unwilling to proceed further, and that he declines to further prosecute the said charges, and it appearing from all the affidavits on file herein that a fair and impartial examination of this case cannot be had through the district attorney, therefore, it is ordered by the court that Charles W. Taylor, Esq., an attorney of this bar, be and he hereby is appointed a special prosecutor herein, with all the power of the district attorney in the premises"; that said special prosecutor prepared and filed, by leave of court, informations against the defendants mentioned, based upon the same facts and charging the same offenses as in the indictments mentioned, and that warrants had been issued thereon.

The petitioner prays for a writ of prohibition, and on December 17, 1904, orders requiring the defendants to show cause on or before January 10, 1905, why the writ prayed for should not be granted, and staying proceedings under the informations filed by the special district attorney until the further order of the court, were entered here.

On January 4, 1905, the respondent filed a return to the order to show cause, and had certified the entire record, as well as all affidavits filed, together with the opinion of the court in appointing the special district attorney. From which it appears, in addition to the averments of the petition, that by agreement with the district attorney, special counsel to assist the district attorney entered appearance for the people; that on December 5th the cause against one Coryell was set for trial for December 6th, and that on the 8th of December the two other cases were

set for trial for December 9th; that about 6 o'clock on the evening of December 8th the district attorney entered a *nolle pros.* in each of said causes; that counsel for the defense had witnesses for the defense subpœnaed and were ready for trial, and that the district attorney entered a *nolle pros.* in each of said causes without consultation with counsel who were to assist him.   The affidavits of the prosecuting witnesses disclose that murderous assaults had been committed by two of the three persons charged, and that the district attorney was present at the sitting of the grand jury where the testimony concerning these crimes was taken.   In the affidavit of the district attorney he disclaims having any interest, direct or remote, in the causes of the defendants; and says that he is not personally acquainted with them, and that after a careful investigation he became convinced that the defendants were not guilty of the offenses charged and that he entered the *nolle pros.* in each of the cases because he was convinced that to prosecute the said causes would be an act of injustice and a violation of his oath of office, and because he became convinced that no conviction could or ought to be obtained; that as to one of the defendants he has what he regards as conclusive proof of innocence, but that he cannot disclose such proof without disclosing evidence submitted to the grand jury.

In the findings and opinion of the court it is stated:   "I do not impute to the district attorney impure motives, but I do not believe that he has given the matter an impartial consideration, and I think that his affidavits filed in these proceedings strengthen that belief, coupled with the fact that the district attorney had not prepared for trial, at least in the Coryell case, in that no witnesses were subpœnaed for the people up to the time of the entry of said *nolle*—that is, the evening before the day said

case was set for trial. I believe that his partiality, and, therefore, an interest to that extent has been shown, and that the action of the district attorney in *nolleing* these three cases does not appear to be in the interests of the people of this county." And, further: "I believe the court has a right, where the administration of justice demands it, to direct investigations other than before grand juries, and the investigation seems to be required here for that purpose and the protection of the court and the people."

The formal order appointing a special district attorney contains the recital which we have copied from the petition. On March 24th following, counsel for the petitioner filed an abstract of the record, and on April 4th, his brief. No brief has been filed by respondent. Although counsel had requested additional time in which to file briefs, it was not until a few days ago that they submitted the cause. This being a writ issued in the exercise of our original jurisdiction, it was entitled to precedence, and would have been determined sooner had it been submitted earlier.

The questions presented require us to determine when and under what circumstances the courts of the state are empowered to remove district attorneys. It is not claimed that the court has the power to remove the district attorney from office, but it is contended that the court, when it has reason to believe that a crime has been committed and that the district attorney is not impartial, that he is unwilling to proceed with the prosecution and that he declines to prosecute, that then the court may remove a district attorney and appoint a special district attorney to investigate and prosecute, if desirable, such persons as may be deemed guilty of a violation of the law.

Section 1556, Mills' Annotated Statutes, authorizes the court to appoint a special district attorney if

the district attorney is interested, or shall have been employed as counsel, in any case which it shall be his duty to prosecute or defend. Section 1557 provides that if the district attorney be sick or absent, the court shall appoint some person to discharge the duties of the office until the proper officer resumes the discharge of his duties. These sections are the only statutes on the subject, and the authority is found therein to supplant the district attorney in cases where the court is of opinion that a fair and impartial trial cannot be had through that officer. It was held by this court that the district attorney, as the officer designated by law to conduct the prosecution of criminal cases, had authority to discontinue any criminal cause without the consent of the court, and that the statute is not broad enough to permit the court to appoint a district attorney to prosecute in criminal cases when that officer is present in the court room and not disqualified.—*People ex rel. v. District Court*, 23 Colo. 469.

The respondent seems to base his action upon the authority of the case *People ex rel. Lindsley v. District Court*, 29 Colo. 5. But that case is not at all like this one. There the court had information that the district attorney's connection with the commission of certain crimes was such that it should be investigated by the grand jury, and it was held that the court had the power to have an investigation of the conduct of the district attorney before the grand jury without his presence.

It was unquestionably the duty of the respondent, when the affidavits were presented, to cause an investigation to be made of the conduct of the district attorney, either in the mode he adopted or through the grand jury. In either event, such an investigation should be made independently of the district attorney.

The law does not vest in the district attorney power to dismiss cases subject to the approval of the court, but vests the absolute power of dismissal in that officer. And, if the court, whenever it is his opinion that justice requires a cause to be tried upon the merits, may remove a district attorney who has dismissed a cause and appoint some one in his stead to file a new information and prosecute the cause, the power of dismissal is, in effect, lodged in the court, and not in the district attorney.

The court did not find that the district attorney's motives in dismissing the cases were corrupt, but found that they were not impure, and that an impartial investigation could not be had through the district attorney's office because of the partiality of the public prosecutor. Judging from the affidavits, the court correctly found that the action of the district attorney in entering the *nolles* was not in the interests of the people, but the legislature has vested in the district attorney the power of determining in these matters what the public's interests require; and if, in his honest judgment, cases should be dismissed, the court cannot interfere. The respondent appears to have regarded the district attorney as having an interest in the causes because of his partiality for the defendants. The interest which requires the removal of a district attorney for the particular occasion is not that which results from his becoming biased in favor of a defendant, but is such a concern in the outcome of the matter that he will either reap some benefit or suffer some disadvantage. If, because of his interest, he files an information, the court should appoint some person to try the cause; if he *nolles* a cause because of his interest, the court can and should appoint some one to file a new information and to prosecute the cause. But there is nothing in the findings of the court which warranted

the removal of the district attorney because of his interest; because, as we have shown, he was not interested; and we must, therefore, grant the writ of prohibition as prayed.                      *Writ granted.*

Decision *en banc,* all the justices concurring.