## No. 27083

**Dale Tooley, District Attorney in and for the Second Judicial District, State of Colorado v. The District Court in and for the Second Judicial District, State of Colorado, and The Honorable Robert T. Kingsley, District Judge thereof**

(549 P.2d 772)

Decided April 19, 1976. Opinion modified and as modified rehearing denied May 10, 1976.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Thomas P. Casey, Chief Appellate Deputy, for petitioner.

Kenneth A. Padilla, for respondent The Honorable Robert T. Kingsley.

Truman E. Coles, Rudolph Schware, amici curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding was commenced after the district court for the Second Judicial District announced its intention to appoint a special investigator and prosecutor to review a number of criminal episodes which allegedly involved Joseph J. Cordova, Jr. The district attorney for the Second Judicial District filed a petition for writs in the nature of prohibition and mandamus. We issued a rule to show cause and now make that rule absolute.

Three attorneys filed a petition in the district court seeking relief in the nature of mandamus or, alternatively, for the appointment of a special prosecutor under the provisions of section 16-5-209, C.R.S. 1973, which provides:

"*Judge may require prosecution.* The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after a hearing the judge finds that the refusal of the prosecuting attorney to prosecute was arbitrary and capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case or may appoint a special prosecutor to do so."

The purpose of the petition was to seek an order to be issued to the district attorney to show cause why he had not prosecuted anyone for certain crimes which were set out in the petition. Additionally, the petition requested that a special prosecutor be appointed to investigate and prosecute, if necessary, the persons who were responsible for the commission of the crimes. The petition was supported by an affidavit and various news-

paper articles.

The affidavit set forth that Joseph J. Cordova, Jr. shot Lloyd S. Dalrymple and committed other crimes which the district attorney had not prosecuted because of Cordova's activities as a police informant. Shortly after the petition was filed in the district court, however, a felony complaint was filed against Joseph J. Cordova, Jr. in the Denver county court charging him with assault in the second degree on Lloyd S. Dalrymple. The affidavit supporting the arrest warrant indicated that Dalrymple, who originally had not intended to aid the prosecution, now intended to cooperate with authorities in prosecuting Cordova.

On December 3, 1975, the district attorney was ordered to appear in the district court to explain his refusal to prosecute Cordova for the crimes set forth in the affidavit which accompanied the petition. A hearing was held, and arguments were heard. The district attorney had earlier filed a motion to dismiss the petition, and at the conclusion of the arguments, the district court declared:

"I feel that the motion to dismiss the Petition should be granted . . . . I am going to avoid any question of impropriety. I will appoint a Special Investigator to make an investigation concerning the matters alleged in the Petition on file filed by . . . and I will appoint him not only to investigate these matters and to make a report to the court ultimately, but I will also order that he personally conduct the prosecution of Mr. Cordova . . . ."

Before a special prosecutor may be appointed, section 16-5-209, C.R.S. 1973, plainly requires that the judge must make a finding "that the refusal of the prosecuting attorney to prosecute was arbitrary and capricious and without reasonable excuse." In this case, the petition, and the affidavit, related in some instances to criminal episodes that were committed in other districts or counties and contained allegations which largely were unsubstantiated and were based solely upon information and belief. The petitions and the affidavit were insufficient.

Furthermore, no finding was made by the district court that the district attorney was acting arbitrarily or capriciously and without reasonable excuse when he refused to prosecute Cordova prior to the time that Dalrymple agreed to cooperate in the prosecution. In light of the arrest warrant affidavit indicating the original unwillingness of the victim to testify, the initial hesitation of the district attorney in this case to file charges against Cordova does not amount to an abuse of his discretion. The *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function* § 3.9(b) provide:

"3.9 Discretion in the charging decision.

. . . .

"(b) The prosecutor is not obliged to present all charges which the evidence might support. The prosecutor may in some circumstances and for good cause consistent with the public interest decline to prosecute, not-

withstanding that evidence exists which would support a conviction. Illustrative of the factors which the prosecutor may properly consider in exercising his discretion are:

. . . .

"(vi) reluctance of the victim to testify;
"(vii) cooperation of the accused in the apprehension or conviction of others;
. . . ."

■ The decision of the district attorney not to prosecute could have been based upon any number of factors. In our view, a district judge should not, in the absence of clear and convincing evidence that the terms of the statute have been met, substitute his judgment or discretion for that of the prosecutor in a criminal case. *See Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973). In the *Attica* case, the court denied a request for the appointment of a special prosecutor, stating:

"Such interference with the normal operations of criminal investigations, in turn, based solely upon allegations of criminal conduct, raises serious questions of potential abuse by persons seeking to have other persons prosecuted. . . ."

*See Dresner v. County Court*, 189 Colo. 374, 540 P.2d 1085 (1975); *see also United States v. Cox*, 342 F.2d 167 (5th Cir. 1965).

Accordingly, we make the rule absolute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY do not participate.