The People of the State of Colorado, ex rel. J. E. Losavio, Jr., District Attorney in and for the County of Pueblo, State of Colorado v. Elvin L. Gentry

**No. 79SA203**

Charles R. Williams v. District Court in and for the Tenth Judicial District, and the Honorable Richard D. Robb, District Judge within and for the County of Pueblo, State of Colorado

**No. 28228**

The People of the State of Colorado ex rel. J. E. Losavio, Jr., District Attorney in and for the Tenth Judicial District of the State of Colorado v. The Honorable Richard D. Robb, District Judge within and for the Tenth Judicial District of the State of Colorado

(606 P.2d 57)

Decided February 4, 1980.

154

J. E. Losavio, Jr., District Attorney, Amy Isaminger, Deputy, for petitioner-appellant, in No. 79SA296.

Elvin L. Gentry, Special Prosecutor for Pueblo County, Pro se, in No. 79SA296.

Laurence A. Ardell, for petitioner, in No. 79SA203.

Elvin L. Gentry, Special Prosecutor for Pueblo County, for respondents, in No. 79SA203.

J. E. Losavio, Jr., for petitioner, in No. 28228.

Elvin L. Gentry, Special Prosecutor, for respondent, in No. 28228.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

For the purposes of this opinion, we are consolidating original proceedings 28228 (filed by petitioner J. E. Losavio, Jr.) and 79SA203 (filed by petitioner Charles R. Williams) with appeal 79SA296 filed by the district attorney, J. E. Losavio, Jr., as relator for the people. We now make the rules we issued in 28228 and 79SA203 absolute and we reverse the judgment of the district court in 79SA296. Accordingly, the three cases are remanded to the designated district courts for further proceedings consistent with the views expressed in this opinion.

I.

These cases have their genesis in a motion filed on April 22, 1977 by the district attorney for the Tenth Judicial District, J. E. Losavio, Jr. (the

district attorney). In that motion, the district attorney requested the appointment of a special prosecutor "to investigate and prosecute, if warranted, certain allegations concerning budgetary irregularities involving officials, agencies and departments of the County of Pueblo." According to the motion, a complaint asserted overspending of certain departmental budgets, allegedly in violation of section 29-1-118, C.R.S. 1973 (now in 1977 Repl. Vol. 12)[1] and sections 18-8-404 or 405, C.R.S. 1973 (now in 1978 Repl. Vol. 8).[2] Because the district attorney's department was one of the possible subjects of the investigation, the district attorney took the position that he was precluded from conducting an impartial investigation of the charges. The motion requested that a special prosecutor be charged with investigating all allegations of budgetary malfeasance and allied offenses on the part of Pueblo County officials over the past decade.

A similar motion was filed on April 25, 1977, by the Pueblo County Board of County Commissioners. That motion requested that a special investigator be appointed to investigate the alleged overspending of certain departmental budgets in violation of section 29-1-118, C.R.S. 1973. The petition requested that the court appoint "a disinterested person to investigate such apparent violations for the purpose of making a determination of whether or not any such acts of overspending are in fact violations of C.R.S. 1973, 29-1-118, 18-8-404, 18-8-405 or any other law of the state, and if prosecution is warranted, to pursue the same."

---

[1] Section 29-1-118, C.R.S. 1973 (now in 1977 Repl. Vol. 12) provides:
"Any member of the governing body of any county, city, or town or any member, officer, employee, or agent of any department, board, commission, or other spending agency who knowingly or willfully fails to perform any of the duties imposed upon him by this part 1 or who knowingly and willfully violates any of its provisions is guilty of malfeasance in office and, upon conviction thereof, the court shall enter judgment that such officer so convicted shall be removed from office. It is the duty of the court rendering any such judgment to cause immediate notice of such removal to be given to the proper officer of the county, city, town, or other proper department or officer so that the vacancy thus caused may be filled."

[2] Sections 18-8-404, C.R.S. 1973 (now in 1978 Repl. Vol. 8) provides:
"(1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for himself or maliciously to cause harm to another, he knowingly:
"(a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
"(b) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or
"(c) Violates any statute or lawfully adopted rule or regulation relating to his office.
"(2) First degree official misconduct is a class 2 misdemeanor."
Section 18-8-405, C.R.S. 1973 (now in 1978 Repl. Vol. 8) provides:
"(1) A public servant commits second degree official misconduct if he knowingly, arbitrarily, and capriciously:
"(a) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or
"(b) Violates any statute or lawfully adopted rule or regulation relating to his office.
"(2) Second degree official misconduct is a class 1 petty offense."

On May 3, 1977, the respondent district court approved the district attorney's and the county commissioners' motions for a special prosecutor, and appointed Elvin Gentry, the appellee in 79SA296, as special prosecutor. In its written order, the court found that the district attorney was an interested party under section 20-1-107, C.R.S. 1973 with respect to the investigation and prosecution of the alleged budgetary irregularities. The Court subsequently amended its order granting to the special prosecutor the power to request an additional panel of the 1977 Pueblo County Grand Jury.

Pursuant to the court order, the special prosecutor investigated various Pueblo County officials and the district attorney by means of an additional panel of the 1977 Pueblo County grand jury.[3] On May 25, 1977, the grand jury returned an indictment against county commissioner Charles R. Williams, the petitioner in 79SA203. The indictment alleged a violation of sections 18-2-101 and 18-8-407, C.R.S. 1973 (now in 1978 Repl. Vol. 8) (attempt to commit embezzlement of public property) and sections 18-2-201 and 18-8-407, C.R.S. 1973 (now in 1978 Repl. Vol. 8) (conspiracy to commit embezzlement of public property).

Prior to the issuance of the indictment against Williams, on September 20, 1977 an investigator for the special prosecutor filed an application and affidavit for a search warrant authorizing the seizure of a U-Haul trailer found on the premises of an establishment owned by Williams. According to the affidavit, Williams had stolen the trailer in violation of section 18-4-401, C.R.S. 1973 (now in 1978 Repl. Vol. 8) (theft). The special investigator subsequently seized the trailer.

Shortly after the seizure, Williams filed a motion in the respondent court challenging the authority of the special prosecutor to investigate the alleged theft of the U-Haul trailer. The motion alleged that such a matter did not involve a budgetary irregularity and therefore was outside the scope of the special prosecutor's authority. Williams also requested the return of the trailer and its suppression as evidence.

On February 1, 1978, the respondent court denied Williams' motion. The court held that while the special prosecutor did not have the authority to investigate allegations of theft, it had also been alleged that Williams had attempted to sell the trailer to Pueblo County officials in violation of section 18-8-407, C.R.S. 1973 (theft by deception or embezzlement). The court reasoned that embezzlement constituted a budgetary irregularity within the scope of the special prosecutor's authority:

"Had Williams successfully completed the sale of this U-Haul trailer to the County of Pueblo for the sum asked, he would have received that sum

---

[3] On October 24, 1977, the grand jury returned indictments alleging that several county officials, including the district attorney, had overspent their respective budgets, contrary to the statute. The propriety of these indictments, however, are not at issue in this proceeding.

without conveying good title to the County . . . . An expenditure of public money would have been made. That brings the entire matter within the scope of the Special Prosecutor's authority."[4]

Following his indictment by the grand jury, Williams filed a motion to dismiss on the grounds that the subject matter of the indictment was outside the scope of the special prosecutor's authority. The respondent court denied the motion on April 11, 1979, and Williams subsequently filed an original proceeding in this Court (79SA203).

On June 26, 1978, the district attorney filed a petition in this Court for a writ prohibiting the respondent court from authorizing or approving further investigation by the additional panel of the grand jury which went beyond the scope of a special prosecutor's authority. In that petition, the district attorney alleged that the grand jury, aided by the special prosecutor, had attempted to inquire into a number of areas outside the scope of budgetary irregularities, including: the manner in which the assessor of Pueblo County makes assessments; a broad range of activities conducted by the Sheriff's office; allegations that Williams attempted to embezzle funds from Pueblo County; the actions of the district attorney's office in handling cases involved with Pueblo West; and certain other matters pertinent to the restoration of the Pueblo County Courthouse.

On June 27, 1978, the district attorney filed a quo warranto action, pursuant to C.R.C.P. 106, against the special prosecutor. In that action, the district attorney reiterated the allegations concerning the special prosecutor's conduct raised in the petition to this Court, and added further allegations that the special prosecutor had: investigated the alleged theft of articles and materials from the Pueblo County Courthouse; investigated the activities of the district attorney with respect to certain anti-recall efforts; investigated alleged bribes and thefts in the operation of the Pueblo County Roads and Budgets Departments; and investigated the alleged construction of a swimming pool by a Pueblo County employee. After a hearing, the trial court dismissed the complaint, stating that an investigation into budgetary irregularities necessarily included an investigation into the receipt of funds as well as the expenditure of funds. The district attorney subsequently appealed (79SA296), and the case was transferred to this Court for consolidation with the original proceedings (79SA203 and 28228).

## II.

■ The office of the district attorney is created by Article VI, section 13 of the Colorado Constitution which provides: "In each judicial district there shall be a district attorney elected . . . who shall perform such

---

[4] The propriety of the order rejecting Williams' motion to suppress the evidence seized is not at issue in this proceeding.

duties as provided by law." Pursuant to the authority granted by the Constitution, the legislature has determined various responsibilities of the district attorney, *see e.g.* section 20-1-103, C.R.S. 1973 (now in 1978 Repl. Vol. 8), and concomitantly, has determined the circumstances under which the district attorney may be supplanted in the exercise of those powers. Under the Constitution, the legislature is the only body empowered to circumscribe the duties of the district attorney and this Court has long required that such restrictions be construed as narrowly as possible by the courts. *See e.g. People ex rel. Tooley v. District Court,* 190 Colo. 468, 549 P.2d 772 (1976); *Gray v. District Court,* 42 Colo. 298, 94 P. 287 (1908).

One of the principal duties of the district attorney is to appear on behalf of the state and counties. Section 20-1-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides:

"(1) Every district attorney shall appear in behalf of the state and the several counties of his district:

"(a) In all indictments, actions, and proceedings which may be pending in the district court in any county within his district wherein the state or the people thereof or any county of his district may be a party;

"(b) On the hearing of every writ of habeas corpus sued out by any person charged with or convicted of any public offense before the judge of his district;

"(c) In any such indictment, action, or proceeding which may be removed from the district court of any county within his district for appellate review as provided by law and the Colorado appellate rules;

"(d) In any such indictment, action, or proceeding which may be brought to the district court of any county in his district by change of venue from any other district; and

"(e) When he may deem it advisable to do so, in the preliminary examination of persons charged with any offense before any judge within his district.

"(2) Nothing in this section shall be so construed as to prevent the county commissioners of any county from employing one or more attorneys to appear and prosecute or defend in behalf of the people of the state or of such county, in any such indictment, action, or proceeding."

In addition, the district attorney is charged by section 20-1-106, C.R.S. 1973 (now in 1978 Repl. Vol. 8) with a duty to appear and to advise grand juries:

"The district attorneys for the several judicial districts in the state of Colorado shall appear in their respective districts at all sessions of any grand jury which may be convened in any county within their respective districts, and it is the duty of the district attorney to advise any grand jury convened within his district and to examine witnesses who may be subpoenaed before any such grand jury."

Except as otherwise provided for by statute, the district attorney is the sole authority charged with performing these duties and he may not be supplanted in this duties by any other authority. *People v. District Court*, 190 Colo. 483, 549 P.2d 778 (1976).

■ One exception to the district attorney's general authority to appear on behalf of the state and the several counties of his district arises when it has been shown that the district attorney has an interest in the proceedings. Section 20-1-107, C.R.S. 1973 (now in 1978 Repl. Vol. 8) provides:

"If the district attorney is interested or has been employed as counsel in any case which it is his duty to prosecute or defend, the court having criminal jurisdiction may appoint a special prosecutor to prosecute or defend the cause."[5]

In *Gray v. District Court*, 42 Colo. 298, 94 P. 287 (1908), we held that the allegations of interest must show a concern in the outcome of the matter such that the district attorney will either reap some benefit or suffer some disadvantage; mere partiality will not suffice. We have also held that the statute requires that the district attorney be given sufficient notice of the grounds for the disqualification to enable him to determine the facts behind the motion to disqualify and to consider the state of the law relating to the grounds for disqualification. *People v. District Court*, 189 Colo. 159, 538 P.2d 887 (1975).

■ If it is determined through a judicial proceeding that the district attorney is interested in a particular case or a particular investigation, the court is empowered by section 20-1-107, C.R.S. 1973 to appoint a special prosecutor to carry out the district attorney's responsibilities. Because the district attorney's powers may only be curtailed where there has been a finding of interest, the charge to the special prosecutor must be carefully limited to encompass only the area or scope of the district attorney's interest. *People ex rel. Lindsley v. District Court*, 29 Colo. 5, 66 P. 896 (1901). The special prosecutor has the plenary powers of a district attorney only when he is acting within the scope of a valid court order granting him that power. *Cf. People v. Gibson*, 53 Colo. 231, 125 P. 531 (1912).

At the heart of this case lies the question of whether the special prosecutor's actions exceeded the scope of his authority. In considering this question, we recognize that Williams and the district attorney have alleged numerous instances where the special prosecutor has improperly invaded the province of the district attorney. In all but one of these instances,

---

[5] Section 20-1-107, C.R.S. 1973 was amended after the respondent court issued the order appointing the special prosecutor. The amended statute originally stated:

"If the district attorney is interested or has been employed as counsel in any case which it is his duty to prosecute or defend, the court having criminal jurisdiction may appoint some other person to prosecute or defend the cause."

however, the record shows that the special prosecutor's activities have ceased. Accordingly, we will treat those allegations as moot and focus on the remaining allegation that the special prosecutor exceeded his authority by investigating matters relating to Williams' attempted sale of the U-Haul trailer to Pueblo County officials.

In its order of May 3, 1977, the respondent court empowered the special prosecutor to investigate and prosecute all allegations concerning Pueblo County budgetary irregularities. Although the order does not explicitly define the term budgetary irregularities, its import is clear when viewed in conjunction with the petitions requesting appointment of a special prosecutor. In our view, the court order contemplated that the special prosecutor's investigation would be limited to the allegations that a number of county agencies had overspent their allocated budgets, in apparent contravention of sections 18-8-404, 18-8-405 and 29-1-118, C.R.S. 1973.

The question remains whether the investigation focusing on Williams fell within the meaning of the term budgetary irregularities, as it was used in the court order. In upholding the scope of the Williams investigation, the respondent court reasoned that had Williams successfully sold a stolen trailer to the county, he would have failed to pass good title. As a consequence, there would have been an improper expenditure of public monies, to the detriment of the budget. The court concluded that a budgetary irregularity would have occurred.

In light of our conclusion that the scope of the term "budgetary irregularity" was meant to be limited to the allegations concerning the fact that a number of county agencies had overspent their budgets, the respondent court's interpretation is not tenable. If the term "budgetary irregularities" was construed in this fashion, its scope would encompass literally any allegation no matter how remotely it affected the public budget. This would constitute an impermissible abrogation of the district attorney's office and would go far beyond the limits of any finding of interest that could be inferred from the order appointing the special prosecutor.

### III.

Upon reaching the conclusion that the special prosecutor has exceeded his authority, we must now consider the parties' claims for relief. Williams requests that this Court prohibit the respondent court from proceeding further on the indictments against him until a determination has been made, pursuant to section 16-5-209, C.R.S. 1973 (now in 1978 Repl. Vol. 8), that the district attorney's decision not to prosecute was arbitrary or capricious. We agree.

In *Tooley v. District Court*, 190 Colo. 468, 549 P.2d 772 (1976), we held that the district attorney's decision not to prosecute a case may not be challenged unless there is a showing that his decision was arbitrary or capricious. In this case, the record shows that prior to Williams' indictment the district attorney was fully cognizant of the facts leading to Williams'

indictment and that he made a decision not to prosecute. Unless the requisite finding is made under section 16-5-209, C.R.S. 1973, the district attorney's decision must stand.

We are also compelled to point out that Williams' indictment has not yet been properly executed. In *Dresner v. County Court*, 189 Colo. 374, 540 P.2d 1085 (1975), we stated that as a requisite to a valid indictment Crim. P. 7(a) requires that the indictment be signed by the district attorney:

"If the attorney refuses to sign, as he has the discretionary power of doing, we conclude that there is no valid indictment."

189 Colo. at 376, 540 P.2d at 1087 (*citing, United States v. Cox*, 342 F.2d 167 (5th Cir. 1965)). Here, the indictment was improperly signed by the special prosecutor, acting outside the scope of his authority, and cannot be enforced until it is either signed by the district attorney or by a special prosecutor pursuant to section 16-5-209, C.R.S. 1973.

Accordingly, the rules to show cause in 28228 and 79SA203 are made absolute, and 79SA296 is reversed. All three cases are remanded for further proceedings and a hearing, if necessary, with the directive that the special prosecutor is not to proceed further with any investigations or prosecutions that fall outside the scope of budgetary irregularities as it is defined in this opinion.

CHIEF JUSTICE HODGES does not participate.