John SANDOVAL, Petitioner-Appellant,

v.

Eugene L. FARISH, District Attorney,
12th Judicial District,
Respondent-Appellee.

No. 82SA330.

Supreme Court of Colorado,
En Banc.

Jan. 16, 1984.

Valdez & Valdez, Felix D. Valdez, La Jara, for petitioner-appellant.

Eugene L. Farish, pro se.

Raymond T. Slaughter, Englewood, for Colorado Dist. Attys. Council, amicus curiae.

ERICKSON, Chief Justice.

The Conejos County District Court dismissed John Sandoval's petition for relief in the nature of mandamus pursuant to

C.R.C.P. 106 and section 16–5–209, C.R.S. 1973 (1978 Repl.Vol. 8). On appeal, Sandoval asserts that a crime was committed and that the district court erred in not compelling the district attorney to prosecute under section 16–5–209. We affirm the district court.

Section 16–5–209 provides in part:

"The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after a hearing the judge finds that the refusal of the prosecuting attorney to prosecute was arbitrary or capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case or may appoint a special prosecutor to do so...."

I.

In October 1979, Sandoval filed a complaint with the Deputy District Attorney for the Twelfth Judicial District asserting that Dale Sowards, a Conejos County Commissioner, wrongfully branded and attempted to sell two of Sandoval's estray calves in violation of section 35–43–116, C.R.S. 1973 (wrongful branding)[1] and section 35–43–128, C.R.S. 1973 (theft of cattle).[2]

1. Section 35–43–116 provides:

"If any person, association, or corporation willfully and knowingly brands, or causes to be branded, an animal which is the property of another with his brand or any brand which is not the recorded brand of the owner or willfully and knowingly effaces, defaces, or obliterates any brand or mark upon such an animal, such person or any officer or director of any such association or corporation is guilty of theft and, upon conviction thereof, shall be punished by imprisonment in a correctional facility, as defined in section 17–1–102, C.R.S., for not less than one year nor more than five years."

2. Section 35–48–128 provides:

"Any person who commits theft of, or knowingly kills, sells, drives, leads, transports, or rides away, or in any manner deprives the owner of the immediate possession of any cattle, horses, mules, sheep, goats, swine, or asses, either live or slaughtered, or any portion of the slaughtered carcass thereof, or any person who commits theft of, or knowingly kills, sells, drives, leads, transports, or rides away, or in any manner applies to his own use any cattle, horses, mules, goats, sheep, asses, or swine, either live or slaughtered, or any portion of the slaughtered carcass thereof, the owner of which is unknown, or any person who knowingly purchases from anyone not having the lawful right to sell and dispose of the same any cattle, horses, mules, sheep, goats, swine, or asses, either live or slaughtered, or any portion of the slaughtered carcass thereof commits a class 5 felony and shall be punished as provided in section 18–1–105, C.R.S."

On April 27, 1981, a year and a half after the complaint was filed, Sandoval wrote the District Attorney, Eugene Farish, expressing his concern that there had been no action on his complaint against Sowards. The district attorney thereafter ordered an investigation of Sandoval's allegations. After the investigation was completed, the district attorney decided not to file criminal charges against Sowards. Sandoval then petitioned the Conejos County District Court for relief in the nature of mandamus and for an order, pursuant to section 16–5–209, C.R.S. 1973 (1978 Repl.Vol. 8), requiring the district attorney to prosecute Sowards.

The district court found that Sandoval had failed to prove that the district attorney's refusal to prosecute Sowards was arbitrary or capricious and without reasonable excuse. As a result, Sandoval's complaint was dismissed.

## II.

### Mandamus as a Remedy

Sandoval sought an order under the provisions of C.R.C.P. 106 and section 16–5–209, C.R.S. 1973 (1978 Repl.Vol. 8), requiring the district attorney to show cause why he should not be compelled to prosecute Sowards. Sandoval considers Rule 106 and section 16–5–209 alternative remedies equivalent in effect. We do not agree.

■ Relief in the nature of mandamus is to be employed only when no other adequate remedy is available. *Julesburg School District RE–1 v. Ebke*, 193 Colo. 40, 562 P.2d 419 (1977); *Potter v. Anderson*, 155 Colo. 25, 392 P.2d 650 (1964); *Bell v. Thomas*, 49 Colo. 76, 111 P. 76 (1910). The applicable provision of Rule 106 provides:

"(4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its

discretion, and *there is no* plain, speedy and *adequate remedy*. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed."

C.R.C.P. 106(a)(4) (emphasis added).

■ Section 16–5–209, C.R.S. 1973 (1978 Repl.Vol. 8), provides an adequate remedy. We therefore are not required to determine whether Rule 106 would include the district attorney. However, other courts have held that mandamus does not lie to force a prosecutor to file charges. *See generally Peek v. Mitchell*, 419 F.2d 575 (6th Cir. 1970); *Powell v. Katzenbach*, 359 F.2d 234 (D.C.Cir.1965), *cert. denied*, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966); *Moses v. Katzenbach*, 342 F.2d 931 (D.C.Cir.1965), *aff'g Moses v. Kennedy*, 219 F.Supp. 762 (D.D.C.1963); *Goldberg v. Hoffman*, 225 F.2d 463 (7th Cir.1955); *Pugach v. Klein*, 193 F.Supp. 630 (S.D.N.Y.1961); *United States v. Brokaw*, 60 F.Supp. 100 (S.D.Ill. 1945).

## III.

### Prosecutorial Discretion

■ A district attorney has broad discretion in determining what criminal charges should be prosecuted. *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir.1973); *People v. District Court*, 632 P.2d 1022 (Colo.1981). A district attorney's decision not to prosecute a case may not be challenged unless there is a showing by clear and convincing evidence that the decision was arbitrary or capricious and without reasonable excuse. *Tooley v. District Court*, 190 Colo. 468, 549 P.2d 772 (1976). Sandoval intimates that the district attorney is reluctant to prosecute Sowards because he is a county commissioner.[3]

---

3. Section 20–1–107, C.R.S. 1973 (1978 Repl.Vol. 8) provides:

"If the district attorney is interested or has been employed as counsel in any case which it is his duty to prosecute or defend, the court having criminal jurisdiction may appoint a

special prosecutor to prosecute or defend the cause...."

A court will appoint a special prosecutor when it is shown that the district attorney's decision, either to prosecute or not to prosecute, was motivated by bias or personal interest. *Cf. Unit-*

■ The district court may require, pursuant to section 16–5–209, C.R.S. 1973 (1978 Repl.Vol. 8), the district attorney to explain his refusal to prosecute, but the order does not shift the burden of proof to the prosecutor. The party challenging the district attorney's charging decision must overcome the presumption that the prosecutor acted in accordance with the law and prove by clear and convincing evidence that the prosecutor's decision was arbitrary or capricious and without reasonable excuse. *See People v. District Court,* 632 P.2d 1022 (Colo.1981).

■ The *American Bar Association Standards for Criminal Justice Relating to the Prosecution Function* § 3.9(b) provides guidelines for reviewing a prosecutor's charging decision:

"(b) The prosecutor is not obliged to present all charges which the evidence might support. The prosecutor may in some circumstances and for good cause consistent with the public interest decline to prosecute, notwithstanding that sufficient evidence may exist which would support a conviction. Illustrative of the factors which the prosecutor may properly consider in exercising his or her discretion are:

(i) the prosecutor's reasonable doubt that the accused is in fact guilty;

(ii) the extent of the harm caused by the offense;

(iii) the disproportion of the authorized punishment in relation to the particular offense or the offender;

(iv) possible improper motives of a complainant;

(v) reluctance of the victim to testify;

(vi) cooperation of the accused in the apprehension or conviction of others; and

(vii) availability and likelihood of prosecution by another jurisdiction." [4]

*Accord Tooley v. District Court, supra; People v. District Court, supra.*

The record establishes that the district attorney investigated Sandoval's complaint, reviewed the law and the evidence, and came to the conclusion that he would be unable to obtain a conviction. In a letter to Sandoval, the district attorney concluded that "in all probability, a crime was not committed and, that if a crime was committed, there would be very little likelihood of a conviction in light of the ... defendant's explanation."

■ A judge may not substitute his judgment or discretion for that of a prosecutor. *Tooley v. District Court, supra; Inmates of Attica Correctional Facility v. Rockefeller, supra.* The district court found no evidence that the district attorney's decision was arbitrary or capricious and without reasonable excuse.

Accordingly, we affirm the district court.

---

*ed States v. Carson,* 434 F.Supp. 806 (D.Conn. 1977) (prosecution by Justice Department was not motivated by bad faith, malice, or personal vindictiveness). However, the evidence must show that the district attorney will either reap some benefit or suffer some disadvantage; mere partiality will not suffice. *People ex rel. Losavio v. Gentry,* 199 Colo. 153, 606 P.2d 57 (1980); *Gray v. District Court,* 42 Colo. 298, 94 P. 287 (1908).

In this case, there is no evidence to suggest that the district attorney's refusal to prosecute was motivated by bias or personal interest.

4. Other factors which may be considered are: (1) the likelihood of conviction; (2) sufficiency of the evidence; (3) availability of witnesses in corroboration of the offense; (4) credibility of the victim; (5) evidence relating to motive or intent of the offender; (6) seriousness of the injuries inflicted; (7) the competing demands of other cases on the time and resources of the prosecution. *See Pugach v. Klein,* 193 F.Supp. 630 (S.D.N.Y.1961); *United States v. Carson,* 434 F.Supp. 806 (D.Conn.1977).