The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Brian Kent HASTINGS, Defendant–Appellant.

No. 93CA0466.

Colorado Court of Appeals, Div. IV.

Dec. 1, 1994.

As Modified on Denial of Rehearing Feb. 16, 1995.

Certiorari Denied Aug. 21, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, Brian Kent Hastings, appeals a judgment of conviction entered after revocation of his deferred sentence. Because we determine that the district attorney lacked authority to file the motion to revoke, we vacate the judgment and sentence and remand for further proceedings.

In 1989, defendant was charged with several drug-related offenses. Defendant requested a special prosecutor because the district attorney had previously represented defendant's mother and allegedly defendant as well, although in unrelated cases. The district attorney confessed the disqualification and request for the appointment of a special prosecutor, and one was appointed from a different judicial district.

Early in 1990, defendant and the special prosecutor entered into a stipulated agreement for a deferred sentence, which provided that defendant could withdraw his guilty plea and the charges would be dismissed if defendant met the requisite conditions through January 1994. The stipulation also provided that, if defendant violated any terms of the agreement, the trial court could, after a hear-

ing, sentence him on the previously entered guilty plea.

Defendant was subsequently convicted of other crimes and was sentenced to the Department of Corrections. In October 1992, defendant filed a notice with the trial court requesting that any outstanding detainers against him be resolved.

In December 1992, the same district attorney who had been disqualified filed a motion to revoke defendant's deferred sentence. The district attorney asserted that he personally filed the motion because he had not received any cooperation from the special prosecutor's office when he had requested her assistance in filing the motion. At a hearing for a continuance on the motion, defendant objected to the district attorney's involvement, contending that the district attorney was not authorized to file the motion for revocation. Defendant consequently moved for dismissal.

The trial court denied defendant's motion because the district attorney's term was scheduled to end before the motion to revoke would be heard on the merits.

In February 1993, during the hearing on the People's motion to revoke, a deputy district attorney under the supervision of the new district attorney represented the People, but no order had been entered relieving the special prosecutor of her duties relative to defendant's case. At that time, defendant objected to the timeliness of the motion to revoke because the 90–day time period for resolution of outstanding detainers under the Uniform Mandatory Disposition of Detainers Act (UMDDA), §§ 16–14–101 to 16–14–108, C.R.S. (1986 Repl.Vol. 8A), had expired. The trial court rejected defendant's claim of untimeliness, granted the motion to revoke the deferred sentence, entered a judgment of conviction, and imposed sentence.

## I.

■ Defendant first contends that because the district attorney was disqualified and a special prosecutor had been appointed to prosecute defendant's case, the district attorney had no authority to bring the motion to revoke the deferred sentence. We agree.

One of the statutory requirements of a criminal prosecution is that it be initiated by the person authorized by law to prosecute the offense. Sections 16–5–201 and 16–5–202 C.R.S. (1986 Repl.Vol. 8A). See also Crim.P. 7. It is the "prosecuting attorney" who is authorized to file an information in the court having jurisdiction. Section 16–5–205 C.R.S. (1986 Repl.Vol. 8A). A "prosecuting attorney" is defined in § 16–1–104(15) C.R.S. (1986 Repl.Vol. 8A) as "any attorney who is authorized to appear for and on behalf of the State of Colorado in a criminal case."

The district attorney is expressly authorized by statute to appear on behalf of the People in all criminal cases for crimes committed within the geographical boundaries of the judicial district served by the district attorney. Section 20–1–102, C.R.S. (1986 Repl.Vol. 8B); People v. Taylor, 732 P.2d 1172 (Colo.1987).

■ The district attorney may not be supplanted in his or her duties by any other authority. People ex rel. Losavio v. Gentry, 199 Colo. 153, 606 P.2d 57 (1980). However, if the district attorney has a conflict of interest in any case, the court having criminal jurisdiction may appoint a special prosecutor to prosecute the matter. Section 20–1–107 C.R.S. (1986 Repl.Vol. 8B). Such circumstances create an exception to the district attorney's general authority. People ex rel. Losavio v. Gentry, supra; cf. Harris v. Jefferson County, 808 P.2d 364 (Colo.App.1991) (when the General Assembly authorizes a different body to prosecute a particular type of action, the district attorney is without authority to act).

■ When a special prosecutor is appointed, that person becomes the district attorney for that particular case, exercising plenary power. People v. Gibson, 53 Colo. 231, 125 P. 531 (1912).

■ If the information is not presented by a person authorized by law to prosecute the offense, it is technically insufficient and incorrect. See Crim.P. 7(b)(2). Moreover, if the information is signed by an unauthorized person, it is invalid. See Dresner v. County

*Court,* 189 Colo. 374, 540 P.2d 1085 (1975), *People ex rel. Losavio v. Gentry, supra.*

■ When an indictment is procured by or with the assistance of a prosecuting attorney who is disqualified to conduct the prosecution, it is invalid. *See People v. Zimmer,* 51 N.Y.2d 390, 434 N.Y.S.2d 206, 414 N.E.2d 705 (1980) (trial court should have dismissed indictment obtained by disqualified district attorney); *Corbin v. Broadman,* 6 Ariz.App. 436, 433 P.2d 289 (1967) (inasmuch as disqualified deputy county attorney was not "authorized person" allowed to be present before grand jury, indictment quashed).

■ The same result obtains when an information is presented by a disqualified prosecuting attorney. *See Commonwealth v. Carsia,* 341 Pa.Super. 232, 491 A.2d 237 (1985) (dismissal of information affirmed where information signed by a person who lacked authority to prosecute).

Here, the district attorney confessed the motion to disqualify and a special prosecutor was appointed. Thus, once the disqualification of the district attorney was entered and the appointment became effective, the special prosecutor became the authorized prosecuting attorney on this case. Thereafter, only the special prosecutor, exercising her delegated authority, was authorized to prosecute the case.

■ "Prosecution" under these circumstances includes not only the guilt phase of a criminal case, but also the means adopted to impose punishment upon an offender. *See People v. Guenther,* 740 P.2d 971 (Colo.1987); *People v. Gibson, supra.* Hence, solely the special prosecutor was authorized here to exercise the discretion to determine whether the motion to revoke the deferred judgment and sentence should be filed. *See Lucero v. Goldberger,* 804 P.2d 206 (Colo.App.1990). Thus, the district attorney was not authorized to act, and the motion to dismiss should have been granted.

■ The People contend that the trial court has discretion in ruling on disqualification of prosecuting attorneys. Consequently, they assert, because the district attorney's term of office was due to expire before the

motion to revoke was heard on the merits, the trial court did not abuse its discretion in denying the motion to dismiss. *See McFarlan v. District Court,* 718 P.2d 247 (Colo. 1986); *People v. County Court,* 854 P.2d 1341 (Colo.App.1992). Here, however, the prosecutor confessed the disqualification and a special prosecutor had already been appointed. Thus, an abuse of discretion standard has no application.

■ The People further contend that, because the district attorney's term was due to expire before the motion was heard on the merits, and because a new district attorney held office when the motion to revoke was finally heard and determined, no prejudice to defendant existed. However, inasmuch as the issue here is the authority to commence the prosecution itself, defendant need not demonstrate prejudice to prevail.

We therefore conclude that the trial court erred in denying defendant's motion to dismiss. Consequently, the subsequent judgment of conviction and sentence cannot stand.

II.

■ Defendant next contends that the trial court should have dismissed the People's motion to revoke because it was not timely resolved pursuant to the UMDDA. We disagree.

Defendant contends that the rationale of *Moody v. Corsentino,* 843 P.2d 1355 (Colo. 1993) does not apply to his case. Specifically, defendant contends that unlike the defendant in *Moody,* no judgment of conviction had been entered against him at the time the motion to revoke was filed. Thus, defendant reasons, the time constraints of the UMDDA apply to his case because his deferred sentence is an "untried indictment, information, or complaint." *See* § 16–14–102(1), C.R.S. (1986 Repl.Vol. 8A).

■ We reject defendant's contention, and find the reasoning of *Moody* to be directly applicable. As used in the context of the UMDDA, the term "conviction" refers to a determination of guilt and not to the more formal "judgment of conviction." *Moody v. Corsentino, supra,* 843 P.2d at 1369 (fn. 20).

Here, the acceptance of defendant's guilty plea resulted in a conviction. *See* § 16–7–206(3), C.R.S. (1986 Repl.Vol. 8A). Pursuant to § 16–7–403, C.R.S. (1994 Cum. Supp.), the *judgment* of conviction and sentence was deferred. Under the deferred sentence statute, a defendant's guilt is determined by the acceptance of defendant's guilty plea. *See People v. Allaire,* 843 P.2d 38 (Colo.App.1992).

Thus, the phrase "untried indictment, information, or complaint" as used in the UMDDA does not apply to those situations in which a defendant has entered a guilty plea and the sentence is deferred. Here, the determination of defendant's guilt was complete, no further charges were pending, and therefore, the time requirement of the UMDDA was not triggered. *See Moody v. Corsentino, supra.*

The judgment of conviction and the sentence imposed are vacated, and the cause is remanded with directions that the motion to revoke filed by the district attorney be dismissed without prejudice for the refiling of such a motion by the special prosecutor or her successor.

MARQUEZ and ROTHENBERG, JJ., concur.